### Richmond

## MARLENE R. DERE

### V.

## MONTGOMERY WARD AND COMPANY, INC.

October 15, 1982.

Record No. 801285.

Present: Carrico, C.J., Cochran, Poff, Thompson, Stephenson, and Russell, JJ.

*James M. Rees (Michael L. O'Reilly; Rees, Broome, Birken & Condo, P.C.*, on briefs), for appellant.

*Richard A. Cooter [D.C.]; S. David Schiller (Cooter, Gell & Cooter [D.C.]*, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The issue framed by the parties in this appeal is novation *vel non.*

Defendant Marlene R. Dere paid for certain furniture she bought from plaintiff Montgomery Ward and Company, Inc., by a check in the sum of $1,347.71. The checking account was titled disjunctively in her name and that of her husband, Donald P. Dere. The account contained sufficient funds to honor the check at the time it was drawn. Before plaintiff presented the check for payment, however, Donald withdrew all the funds, and the bank returned the check stamped "Account Closed". When plaintiff notified defendant that the bank had dishonored her check, she contacted one of plaintiff's employees. The employee agreed to allow defendant to pay $47.71 in cash and to transfer the $1,300.00 balance of the debt to a store credit account in Donald's name. Defendant had charged purchases to that account on numerous occasions for several years. Plaintiff's employee prepared a "voucher/receipt" for the cash payment and one for the transfer, defendant signed the transfer voucher, and the employee stamped both "paid".

Sometime later, plaintiff obtained a "warrant in debt" and served defendant with a summons "upon a claim of nonpayment of a debt in the sum of $1,300.00 . . . said to be due on the basis

of . . . a dishonored check". The general district court entered judgment for defendant, and plaintiff appealed to the circuit court. Upon a trial *de novo,* the circuit court, sitting without a jury, found that "Defendant continues to possess and use the furniture" and ruled that defendant "is in fact indebted to the Plaintiff". Rejecting defendant's plea of novation, the court entered final judgment against her.

Under a single assignment of error, defendant contends that "the agreement . . . to extinguish the obligation on the check and to substitute a new obligation on a credit card account, constituted a novation which is a bar to the bringing of any action on the dishonored check."[1]

Defendant relies upon *Honeywell v. Elliott,* 213 Va. 86, 89, 189 S.E.2d 331, 334 (1972), where we said:

> [N]ovation is defined as a mutual agreement among all parties concerned for discharge of a valid existing obligation by the substitution of a new valid obligation on the part of the debtor or another. To effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well settled principle that novation is never to be presumed. To establish novation the proof must be clear and satisfactory.

This definition addresses two of the several species of novation recognized by the courts. A novation may be effected by two parties; an existing obligation is discharged when a creditor and his debtor agree to substitute a new obligation running from the debtor to his creditor. And a novation may be effected by three parties; an existing obligation is discharged when a creditor, his debtor, and a third person agree to substitute a new obligation running from the third person to the creditor.

Defendant advances alternative theories in support of her claim of novation. On brief, she claims that the agreement into which she and plaintiff's employee entered constituted a two-party novation. We disagree. The obligation she sought to substitute was not an obligation running from her to her creditor; the sole obligor on the credit account was her husband, a third party.

---

[1] We will not consider the accord-and-satisfaction issue defendant raised for the first time in her reply brief. Rule 5:21.

In argument at bar, defendant contended that her agreement with her creditor effected a three-party novation. But the agreement of two parties is insufficient to effect a three-party novation. *Honeywell* requires "clear and satisfactory" proof of "a clear and definite intention on the part of all concerned". *Id.* Indeed, the legal authorities agree that assent by the third party is an essential element of a three-party novation. S. Williston, Contracts § 1870 (3d ed. 1972); 6 A. Corbin, Contracts § 1299 (rev. ed. 1962); *see also* Restatement of Contracts § 424 comment c (1932).

The party claiming a novation bears the burden of proving every essential element of the claim. *Johnston v. Lamson Company,* 159 Va. 666, 679, 167 S.E. 417, 421 (1933). Defendant offered no evidence to show that Donald gave personal assent to the novation she claims.[2] Yet she argues that, since Donald had clothed her with "apparent authority" to charge his credit account on previous occasions, she was acting as his "agent" when she signed the transfer voucher, and hence, that her signature constituted assent on the part of her "principal".

As we understand this argument, defendant asks us to apply the doctrine of apparent authority as a shield against her creditor and as a sword against her "principal", a total stranger to the case before us. The trial court did not, and we will not. The facts of record tend to contradict defendant's basic premise. While, as defendant says, the fact that she had apparent authority in the past to obligate Donald on his credit account may raise an inference that she had continuing authority to obligate him on the furniture debt, that inference is not absolute or exclusive. Other facts of record support a contrary inference. At the time the transfer voucher was prepared and signed, both defendant and plaintiff's employee were aware that Donald had closed the joint checking account. Thus, both were put on notice that Donald may also have rescinded defendant's authority to obligate him on his credit account. If Donald's action cast doubt upon defendant's continuing

---

[2] On appeal, plaintiff's counsel asserts that "[i]n fact, both the defendant and the plaintiff's employee were prohibited from transferring the balance due on the furniture purchased by the defendant to the charge account in the name of Donald P. Dere." The Statement of Facts submitted as part of the record pursuant to Rule 5:9(c) makes no reference to evidence to that effect. "[W]e must pass upon the record duly authenticated by the trial judge, and not upon counsel's recollection of what occurred." *Bryant v. Commonwealth,* 189 Va. 310, 320, 53 S.E.2d 54, 59 (1949).

authority to bind him, the doctrine of apparent authority is inapposite. Whether an act is within the apparent scope of an agent's authority turns upon the question whether "an ordinarily prudent person . . . would be justified in believing that he is authorized to perform the act". *Wright v. Shortridge,* 194 Va. 346, 353, 73 S.E.2d 360, 365 (1952). That question is a question of fact. *Id.* As fact finder, the trial judge could have rejected the inference defendant urges and based his decision upon the contrary inference, and we cannot say that he erred in doing so.

Applying the rule that assent of the new debtor was an essential element of the novation defendant asserted, we hold that defendant failed to carry her burden of proof, and we will affirm the judgment.

*Affirmed.*