## CIRCUIT COURT OF LOUDOUN COUNTY

Bell Atlantic-Virginia, Inc.

v.

Reston Appliance, Inc.

November 10, 1994

Case No. (Law) 15051

BY JUDGE THOMAS D. HORNE

Under the facts of this case, the Court finds that the person with whom Mr. Hartzog conversed on the telephone was cloaked with the apparent authority to accept the sum of $2,697.90 in full satisfaction of the claim by C. & P. The letter of July 2, 1992, informed the Defendant that, "As you are aware, your directory claim has been closed, and a balance of $2,697.90 remains on your account . . . ."

The Court finds that Mr. Hartzog called the number indicated in the space below the word, "Your Collection Representative" and that he was told that the payment of $2,697.90 would satisfy his outstanding obligation to the phone company for directory advertising.

The corporate Defendant has pleaded accord and satisfaction in defense of the Plaintiff's claim for the balance due on a directory account. Accord and satisfaction will bar the collection of a debt where the evidence shows that the debtor intended his offer as satisfaction of the demand by the creditor and that such intention was clearly made known to and accepted by the creditor. *John Grier Constr. v. Jones Welding & Repair*, 238 Va. 270, 272, 383 S.E.2d 719 (1989); § 11-12, Code of Virginia, as amended. An act is within the apparent scope of an agent's authority when "an ordinary prudent person . . . would be justified in believing that he is authorized to perform the act." *Dere v. Montgomery Ward*, 224 Va. 277, 282, 295 S.E.2d 794 (1982); *Wright v. Shortridge*, 194 Va. 346, 353, 73 S.E.2d 360 (1952).

In accordance with the agreement, the Defendant paid the sum requested in full satisfaction of the disputed claim. Judgment will be awarded to the Defendant, and the case will be dismissed.