## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

C. W. Chittum Contracting, Inc.

v.

D. R. Hall Construction, Inc.

December 23, 1997

Case No. CL97-52

By Judge William H. Ledbetter, Jr.

The question presented is whether a building contractor and its sub-contractor made a binding and enforceable new contract, by the terms of which the general contractor acknowledged the debt and promised to pay the balance due in installments.

*Facts*

The pertinent facts are undisputed.

D. R. Hall Construction, Inc. (Hall) contracted with Spotsylvania County to build a firehouse, known as Fire Station # 6. In turn, Hall contracted with C. W. Chittum Contracting, Inc. (Chittum) to perform paving work on the project.

Chittum did the work and submitted an invoice to Hall on June 9, 1995, for $11,939.24.

Hall paid Chittum $3,000.00 in September 1995. An accompanying handwritten note indicated that the balance would be paid "as soon as possible." The note was written by Phyllis B. Hall, an officer of the company.

In December 1995, Hall paid another $4,939.24. The same note, "We will send the balance as soon as possible," was attached to that payment.

Meanwhile, a dispute arose between the County and Hall. The project architect refused to certify work, and the County stopped making payments to Hall. (That dispute led to litigation which is now pending in this court.)

In April of 1996, Chittum instructed his office manager to call Hall for the purpose of "resolving the balance of the indebtedness." Phyllis B. Hall, whom Hall concedes had the authority to do so, offered to pay the balance owed Chittum in monthly installments of $500.00. Chittum's office manager accepted the proposal. Hall paid $500.00 to Chittum in April 1996, and another $500.00 in May of 1996.

In July of 1996, Hall told Chittum that he would make no more installment payments and that Chittum would receive nothing more until Hall's dispute with the County was resolved. When no more money was forthcoming, Chittum instituted this action for the balance due.

## Status of Case

Chittum filed this suit in general district court for the $3,000.00 balance on the invoice. Hall removed the case to this court under Virginia Code § 16.1-92.

When this case came up to be set for trial, Hall filed a motion to consolidate this case with the much larger case involving the dispute between the County and Hall. In response, Chittum argued that there should be no consolidation because the matter between Hall and Chittum rested upon a new agreement rather than their original paving contract.

The court denied the motion to consolidate and agreed to hear Chittum's claim separately on December 19, 1997. The case was tried that day and taken under advisement.

## Decision

Hall refers to the case as "accord and satisfaction." Chittum is not sure whether that appellation is accurate and says that the real issue, simply put, is whether Hall and Chittum made a new binding agreement in April of 1996 whereby Hall promised to pay the $4,000.00 balance to Chittum in monthly installments of $500.00 each.

Generally, accord and satisfaction is a method of discharging a claim by substituting an agreement for satisfaction of the claim and an execution of such substituted agreement. See 1A M.J., *Accord and Satisfaction*, § 1. The essentials of a valid contract must be present. *Kasco Mills, Inc. v. Ferebee*, 197 Va. 589 (1956). Under Virginia law, accord and satisfaction is accomplished by a two-step process. First, there must be an agreement, the accord. Second, the agreement must be executed or performed, the sat-

isfaction. An executed or unperformed agreement cannot be an accord and satisfaction.

Compromise and settlement is an agreement between parties who, for ending a dispute, adjust their differences by mutual consent. See 4A M.J., *Compromise and Settlement*, § 3.

A related principle is found in novation, defined as a substitution of a new obligation with intent to extinguish an old one. The old obligation is thereby done away with and the new one replaces it. *Smith v. Snyder*, 82 Va. 614 (1886); *Dere v. Montgomery Ward*, 224 Va. 277 (1982). Proof of a clear and satisfactory character is required of a party who relies upon a discharge of an original debt by the creation of a new obligation. 14A M.J., *Novation*, § 6.

Normally, these issues are presented when the *obligee* sues on the original obligation and the *obligor* sets up an accord and satisfaction, or a compromise settlement, or a novation as a *defense* to the claim. These bodies of law are not thought of as causes of action or theories of recovery. Here, the *obligee* sues on the *new* obligation in order to avoid all of the potential pitfalls of the original undertaking between the parties. Therefore, references to accord and satisfaction, compromise settlement, and novation are not particularly helpful. The real issue is whether the parties replaced their original contract obligations by a binding and enforceable new obligation in April of 1996. The court is of the opinion that they did.

First, the court is of the opinion that the evidence clearly establishes that the parties made an agreement in April of 1996. Hall explicitly acknowledged that it owed a balance of $4,000.00 to Chittum and agreed to pay it in monthly installments of $500.00. Chittum accepted this method of satisfying the obligation and took no action against Hall or against Hall's surety under the project payment bond. The terms of the agreement are reflected in the course of conduct of the parties: Hall made two of the monthly installments and Chittum accepted them. Only when Hall told Chittum that no more money would be paid did Chittum assert a claim for the full balance.

Second, it was the intention of the parties to substitute the old obligation with a new one. By the agreement reached in April of 1996, Chittum effectively surrendered its right under Virginia Code § 11-60 to pursue Hall's payment bond and forbore to sue Hall for the full amount due. The amount of the debt was firmly established at $4,000.00, and the method of payment was determined.

Third, proper consideration supports the new agreement. Despite Hall's contention that Chittum agreed to do nothing new, Chittum agreed

to forebear. He agreed to accept installment payments on the debt rather than the $4,000.00 he claimed as due in full.

Forbearance or a promise of forbearance to prosecute a claim is sufficient consideration for a new contract (whether called an accord and satisfaction, a compromise settlement, or a novation). See *Pierce v. Plogger*, 223 Va. 116 (1982); *Veilleux v. Merrill Lynch*, 226 Va. 440 (1983).

Further, Hall agreed to do something. He unequivocally agreed to pay the $4,000.00, even though it might otherwise have been caught up in the dispute between Hall and the County.

For these reasons, the court is of the opinion that the parties reached a new agreement in April of 1996 which replaced their original undertaking, that the new agreement is binding, and Chittum is entitled to recover the unpaid balance of that new agreement in the amount of $3,000.00, plus interest from June 6, 1996, and costs.