## CIRCUIT COURT OF THE CITY OF SALEM

Margaret E. Jamison

v.

Adam J. Lemon

July 14, 2006

Case No. CH04-3

BY JUDGE ROBERT P. DOHERTY, JR.

In the fall of 1996, during the course of their divorce, the parties made an oral agreement to divide the joint credit card debts between them. The Plaintiff agreed to pay two of the credit cards with the lowest balances. The Defendant agreed to pay the remaining two credit cards, specifically the Citibank Visa card, which is currently in dispute. In October 1999, the Defendant ceased making payments on the Citibank Visa, removed his name from the account, and changed the mailing address to Plaintiff's place of residence. Plaintiff incurred late charges and penalties, along with damage to her credit rating. Thereafter, on March 13, 2002, Plaintiff paid the balance of the Citibank Visa account by consolidating with another lender to obtain a more favorable interest rate and payment plan.

Plaintiff now requests judgment against Defendant in the amount of $10,000.00, the balance owed on the credit card debt, for Defendant's breach of their oral agreement and reimbursement for payments made on the Citibank Visa account. Defendant argues that the Statute of Frauds bars the claim of the Plaintiff, that there was a novation of the original agreement between the parties, and that equitable contribution is not proper in this action.

According to § 11-2(8), Code of Virginia (1950), as amended, a contract that can possibly be performed within one year is not required to be in writing. In the case at bar, the Plaintiff and Defendant made an oral agreement for the payment of credit card debts. Either party could have performed their

end of the bargain within one year by paying those debts in full, however improbable it might have seemed, due to individual financial situations at that time. Therefore, the oral contract between Plaintiff and Defendant does not fall within the Statute of Frauds and is enforceable against a breaching party.

Furthermore, the Defendant's obligation under the oral contract was not discharged by a novation. A Novation is defined as a mutual agreement among all parties concerned for discharge of a valid existing obligation by the substitution of a new valid obligation on the part of the debtor or another. To effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well settled principle that a novation is never to be presumed. *Dere v. Montgomery Ward & Co.*, 224 Va. 277 (1982). The Plaintiff consolidated and paid Defendant's contract obligation only after Defendant failed to maintain the account. The consolidation of the debt was a new contract between the Plaintiff and a third-party creditor. There was never an amendment to the original oral contract between Plaintiff and Defendant. Defendant was not even a party to the new contract. Therefore, a novation could not have possibly occurred, and Defendant's obligation to Plaintiff for the oral contract stands. Defendant should indemnify Plaintiff for paying his debt.

Due to the finding by this Court that the oral contract is enforceable and a novation did not occur, the issue of equitable contribution is therefore rendered moot. Judgment should be entered against Defendant in the amount of $10,000.00.