Present:   All the Justices

TRACY HAUGEN
                         OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 060869                June 8, 2007

SHENANDOAH VALLEY DEPARTMENT
OF SOCIAL SERVICES

                  FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal of a judgment entered by the Court of
Appeals, we consider whether a transcript or statement of
facts was necessary for the court to determine:  whether the
circuit court erred by refusing to require an incarcerated
parent's presence during a hearing to terminate her parental
rights; and whether as a matter of common law the circuit
court abused its discretion by failing to grant a continuance
to that parent, who participated by telephone, when federal
prison officials directed her to terminate her participation.

     The Shenandoah Valley Department of Social Services filed
petitions for termination of residual parental rights of Tracy
L. Haugen and Anthony J. Pacheco in the Juvenile and Domestic
Relations District Court of the City of Staunton.  Haugen and
Pacheco, the unmarried parents of a child, had been convicted
of numerous federal crimes related to the distribution of
illegal drugs, and they were incarcerated in federal
penitentiaries outside of Virginia.  Separate guardians ad
litem were appointed for Haugen, Pacheco, and the child.

The juvenile and domestic relations district court entered orders terminating the parental rights of Haugen and Pacheco. They appealed the orders to the Circuit Court of the City of Staunton and, as permitted by Code § 16.1-296(D), they received a hearing de novo.

Haugen, who remained incarcerated in a federal penitentiary in West Virginia, filed a petition for a writ of habeas corpus requesting that she be released to the Sheriff's Office of the City of Staunton so that she could attend the circuit court's hearing on the termination of her parental rights. The circuit court did not grant the writ. Subsequently, the circuit court directed Haugen and Pacheco, who were represented in person at the hearing by separate guardians ad litem, to participate by telephone in the hearing to terminate their parental rights.

According to entries in a "Log of Proceedings Electronically Recorded," which is a part of the record, the termination of parental rights hearing commenced at 9:02 a.m. on March 7, 2005. Haugen began her participation in the hearing by telephone at 9:26 a.m. Pacheco began his participation in the hearing by telephone at 9:27 a.m. After several witnesses had testified and numerous exhibits had been admitted in evidence, at 2:16 p.m., Pacheco informed the circuit court that the penitentiary where he was incarcerated

2

was "under lockdown right now [and he] will not be available until tomorrow morning." Pacheco's guardian ad litem, who was also his counsel, requested a continuance or a mistrial in the event that the hearing proceeded without Pacheco's participation by telephone. The circuit court denied the motion, and the hearing proceeded in Pacheco's absence. Haugen remained on the telephone, and she continued to participate in the proceeding.

At 3:49 p.m., Haugen was required to terminate her participation in the hearing. Federal prison officials ordered Haugen to leave the room in the penitentiary where she was using the telephone and they took her to another location in the penitentiary where she was not permitted to use a telephone. The circuit court denied Haugen's motion to continue the hearing until she could participate. The hearing proceeded until 5:20 p.m., and during that 91-minute period when Haugen was absent, two additional witnesses testified.

Subsequently, the circuit court issued a letter opinion and summarized portions, but not all, of the evidence. The circuit court found by clear and convincing evidence that "the best interest and welfare of the child would be served by the termination of both parents' parental rights," and the court entered an order that reflected its rulings in the opinion letter. Among other things, the order granted sole custody of

3

the child to the Shenandoah Valley Department of Social Services and authorized that agency to place the child for adoption and consent to such adoption.

The guardian ad litem for Haugen, who was also her trial counsel, appealed the judgment of the circuit court to the Court of Appeals. The Court of Appeals dismissed Haugen's appeal because her counsel failed to file timely a transcript or statement of facts as required by Rule 5A:8.

Haugen appealed to this Court asserting that the Court of Appeals erred by dismissing her appeal because a transcript or statement of facts was not necessary for the resolution of her appeal; that the circuit court erred by failing to require or permit Haugen to appear physically; and that the circuit court erred in denying Haugen's motion for a continuance when her participation in the circuit court hearing by telephone abated. We awarded Haugen an appeal and appointed new counsel for her.

Haugen asserts that the Court of Appeals erred by dismissing her appeal because a transcript or statement of facts was not necessary to determine the issue whether the circuit court deprived her of her due process rights by failing to ensure that she was physically present at the hearing. Responding, Shenandoah Valley Department of Social Services and the guardian ad litem for the child contend that

4

a review of the transcript or statement of facts is indispensable to a determination whether Haugen's due process rights were violated by the circuit court. Additionally, the Department of Social Services and the child's guardian argue that Haugen did not object to the circuit court's ruling that she participate by telephone and that this Court cannot ascertain without a transcript or statement of facts whether Haugen made such objection.

We agree with Shenandoah Valley Department of Social Services and the child's guardian ad litem. Without a transcript of the proceedings or a statement of facts, this Court cannot ascertain whether Haugen acquiesced in or agreed with the circuit court's ruling that she participate by telephone in the hearing.

Haugen argues that the circuit court erred in denying her motion for a continuance once the federal prison authorities required that she end her participation by telephone in the hearing.[1] Continuing, Haugen asserts that once she was

---

[1] Rule 5:17(c) does not bar consideration of this issue. Rule 5:17(c) states: "Where appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to questions presented in, or to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court." Haugen's question presented, in her petition to the Court of Appeals, is sufficiently broad to encompass the issue whether the circuit court erred by failing to grant her request for a continuance because she was entitled to participate by telephone in the hearing. Shenandoah Valley

disconnected by telephone, she had no presence whatsoever in the hearing and that she was excluded from approximately 90 minutes of the proceeding.

Responding, Shenandoah Valley Department of Social Services states that the record "does not appear to indicate that Ms. Haugen's telephone connection was faulty or flawed, rather it indicates that she had the opportunity to cross examine witnesses, to testify and to present exhibits." Additionally, the Department of Social Services says: "The record as it stands before the Court of Appeals as well as before [the Supreme] Court has only the vaguest indication included in the Log of Proceedings Electronically Recorded . . . that 'Ms. Haugen hangs up the phone.' There is no other explanation for the end of the telephone conference offered or available."

The guardian ad litem for the child argues that Haugen was able to participate by telephone for most of the hearing

---

Department of Social Services specifically argued in the Court of Appeals and this Court that Haugen was not deprived of her rights to due process during the circuit court hearing because she participated in most of the hearing by telephone. Shenandoah Valley Department of Social Services and the child's guardian ad litem cite numerous cases in their briefs in support of their contention that participation by telephone in a hearing is sufficient "presence" to satisfy the due process requirement of the Federal Constitution. Shenandoah Valley Department of Social Services and the child's guardian ad litem do not argue that consideration of this issue is barred by Rule 5:17(c).

6

and that once her participation terminated, only two other witnesses testified.  The guardian ad litem for the child also argues that "[i]t is highly unlikely that Ms. Haugen's physical presence or her participation by telephone during the portion of the hearing she missed would have resulted in a different outcome."  We disagree with the arguments of Shenandoah Valley Department of Social Services and the child's guardian ad litem.

The record before this Court, even without the transcript, is sufficient to enable this Court to adjudicate the issue whether the circuit court erred by failing to grant Haugen's request to continue the hearing on the termination of her residual parental rights until she could participate.[2]  The "Log of Proceedings Electronically Recorded," which is a part of the record before this Court, indicates that the hearing commenced at 9:02 a.m. and that Haugen's participation ceased at 3:49 p.m.  Counsel for Shenandoah Valley Department of Social Services admitted, during oral argument before this Court, that federal prison authorities directed Haugen to leave the room in the penitentiary where she was using the telephone and to go to another area of the prison where she would not be permitted to participate in the hearing by

7

telephone. Clearly, she was deprived of an opportunity to participate in the hearing by telephone.

The "Log of Proceedings Electronically Recorded" contains notations and is not a comprehensive recitation of the hearing. An entry in the log manifests Haugen's counsel's attempt to postpone or terminate the proceeding because of her inability to continue to participate. Although referred to in the log as a "motion for mistrial," it is beyond question that the motion for a mistrial was actually a request to terminate or continue the hearing due to Haugen's inability to participate further. The complete entry in the log provides: "motion for mistrial (my client not available)."

This Court has applied different common law legal standards when reviewing a circuit court's decision to grant or deny a motion for a continuance. For example, we have held that the issue whether "a continuance should be granted or denied is a matter within the sound discretion of the trial court, and a decision one way or the other will not be disturbed on appeal in the absence of a showing that the discretion has been abused." Thomas v. Commonwealth, 244 Va. 1, 13, 419 S.E.2d 606, 613 (1992); accord Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319 (1977);

_____

[2] Contrary to the dissenting opinion, Haugen does indeed contend in her brief that the circuit court erred by failing

8

*Miller v. Grier S. Johnson, Inc.*, 191 Va. 768, 773, 62 S.E.2d 870, 873 (1951); *Lacks v. Commonwealth*, 182 Va. 318, 323, 28 S.E.2d 713, 715 (1944).

This Court has also held that a circuit court's ruling on a motion for a continuance will be disturbed only if that ruling was plainly erroneous and the circuit court abused its discretion. *Bryant v. Commonwealth*, 248 Va. 179, 182, 445 S.E.2d 667, 669 (1994); *Willis v. Commonwealth*, 183 Va. 125, 127, 31 S.E.2d 306, 306 (1944); *Wallen v. Commonwealth*, 134 Va. 773, 777, 114 S.E. 786, 788 (1922); *Hewitt v. Commonwealth*, 58 Va. (17 Gratt.) 627, 629 (1867).

On other occasions, this Court has applied the following legal standard when reviewing a circuit court's decision to grant or deny a continuance: " 'A trial court's ruling on a motion for a continuance will be reversed on appeal only if it is plainly erroneous and upon a showing of abuse of discretion and resulting prejudice to the movant.' " *Butler v. Commonwealth*, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (quoting *Mills v. Mills*, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986)); accord *Cardwell v. Commonwealth*, 248 Va. 501, 508-09, 450 S.E.2d 146, 151 (1994).

---

to grant her request for a continuance.

Additionally, this Court has also applied yet another legal standard governing appellate review of a circuit court's decision to grant or deny a continuance:

> "The rule in Virginia governing continuances is well settled.
> " 'It has been often repeated by this [C]ourt, and it is the established rule everywhere, that the granting or refusal of a continuance is always addressed to the sound discretion of the trial court, and to entitle a party to a reversal on that ground it must be clearly shown that the court abused its discretion and that injury resulted to the party complaining from the abuse.' "

Rosenberger v. Commonwealth, 159 Va. 953, 957, 166 S.E. 464, 465 (1932) (quoting Virginia Iron, Coal & Coke Co. v. Kiser, 105 Va. 695, 697, 54 S.E. 889, 889 (1906))). Applying this standard, we have held that a circuit court's ruling on a motion for a continuance will be disturbed only upon a showing of abuse of discretion resulting in prejudice to the movant. Quintana v. Commonwealth, 224 Va. 127, 135, 295 S.E.2d 643, 646 (1982); Big Sandy and Cumberland R.R. Co. v. Ball, 133 Va. 431, 436, 113 S.E. 722, 724 (1922); Matthews v. Warner, 70 Va. (29 Gratt.) 570, 580 (1877).

Today and in the future, when reviewing a circuit court's ruling to grant or deny a continuance, this Court will apply the following common law principles that we applied in Rosenberger, 159 Va. at 957, 166 S.E. at 465, and Quintana, 224 Va. at 135, 295 S.E.2d at 646. The decision to grant a

10

motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case.  The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant.  Additionally, in the application of these principles, we will be guided by our holding over a century ago in Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430 (1890), that when a circuit court's refusal to grant a continuance "seriously imperil[s] the just determination of the cause," the judgment must be reversed.

Applying these common law principles, we are compelled to hold that the circuit court abused its discretion by ruling that Haugen was not entitled to a continuance when the federal prison authorities directed her to terminate her telephone participation in the hearing to terminate her parental rights. When a court terminates a parent's parental rights, the parent is divested of all legal relations to the child, and the parent has no legal right to even communicate or visit that child.  "The termination of parental rights is a grave, drastic, and irreversible action.  When a court orders termination of parental rights, the ties between the parent and child are severed forever, and the parent becomes 'a legal stranger to the child.'  Shank v. Dept. Social Services, 217

11

Va. 506, 509, 230 S.E.2d 454, 457 (1976)." Lowe v. Department of Pub. Welfare of the City of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986).

In view of the "grave, drastic, and irreversible" effects of a judgment terminating a parent's parental rights, as a matter of common law, the circuit court should have granted the continuance. Haugen was prejudiced because she was unable to participate in an important portion of a proceeding in which she was rendered a legal stranger to her biological child.

Accordingly, we will reverse the judgments of the Court of Appeals and the circuit court, and we will remand the case to the circuit court for a new hearing if the Shenandoah Department of Social Services be so advised.

Reversed and remanded.

JUSTICE AGEE, with whom JUSTICE LACY and JUSTICE KINSER join, concurring in part and dissenting in part.

I concur with the conclusion in the majority opinion that Tracy L. Haugen's assignments of error raising arguments of due process cannot be addressed on appeal because a transcript or statement of facts is necessary to determine whether she acquiesced to participation by telephone in the termination of parental rights proceeding. That determination should end

12

this appeal, as the only arguments ever made by Haugen or discussed in any court relate solely to a deprivation of her constitutionally protected rights to due process.  However, the majority creates an argument sua sponte based on considerations outside the record and fails to adhere to the very precedent the majority cites in order to create a remedy for Haugen.  Accordingly, I respectfully dissent from the remainder of the majority opinion.

The majority opinion decides a case that is simply not before the Court.  First, the majority decides the issue of whether the circuit court abused its discretion in failing to grant Haugen a continuance, yet no request for a continuance or objection to a failure to grant a continuance exists in the record.  Second, the record does not support the majority opinion's recitation that Haugen was compelled by federal prison authorities to cease her telephone participation in the termination of parental rights hearing.  Third, the issue of abuse of discretion was not the subject of a Question Presented in the Court of Appeals.  Fourth, the issue of abuse of discretion decided by the majority was never raised, briefed, or argued by any party in any court, and represents a creation sua sponte for the first time in the majority opinion.  And finally, even if an abuse of discretion issue could be raised, it cannot be considered on appeal because

13

there is no record from which an appellate court could review the action of the circuit court to determine whether an abuse of discretion occurred.

## I.  MOTION FOR CONTINUANCE

The majority opinion decides the case at bar on the basis that the circuit court abused its discretion by denying a motion for a continuance when Haugen's telephone participation in the termination of parental rights hearing ended.  However, the record is absolutely devoid of any evidence that Haugen requested a continuance or made an objection on that basis known to the circuit court.  Although the majority opinion is based on the denial of a motion for a continuance, it does not and cannot cite in the record where Haugen made a motion for a continuance or objected to the failure to grant such a motion.[1]

The majority apparently concludes that a motion for mistrial, which was made when Haugen's telephone participation in the hearing ended, should also be considered as a motion for a continuance.  However, Haugen never raised that argument in the circuit court or the Court of Appeals.  Indeed, not even Haugen's briefs in this Court make that argument, but simply assert that a motion for a continuance was made.

---

[1] By contrast, the court reporter's log, which is part of the record, does reflect that Pacheco separately asked for a continuance and then a mistrial when his telephone participation in the hearing ended.

14

The only evidence in the record as to the motion for mistrial is the court reporter's log, which notes after "Ms. Haugen hangs up the phone" that "motion for mistrial (my client not available)" and "motion overruled."  Such is the sum and substance of the record upon which the majority opinion decides this case upon a motion for a continuance.

This Court has never deemed a motion for mistrial to be a motion for a continuance in the absence of a request by the movant at trial to do so.  A motion for a mistrial and a motion for a continuance are separate motions with separate legal bases and ramifications.  A motion for a continuance asks the court to "adjourn[] or postpone[] a trial or other proceeding to a future date."  Black's Law Dictionary, 339 (8th ed. 2004); Bryant v. Commonwealth, 248 Va. 179, 182, 445 S.E.2d 667, 669 (1994) (explaining standard for a continuance); see also Lacks v. Commonwealth, 182 Va. 318, 323-24, 28 S.E.2d 713, 715 (1944) (describing situations in which continuance may be granted).  The result of a continuance is the brief delay or rescheduling of a proceeding until a future date, at which time the same issues and parties return to take up where the previous proceeding had stopped.[2]

_____

[2] See, e.g., Code § 8.01-6.1 (trial court may grant continuance to permit parties to amend pleadings or add claims or defenses); Code § 16.1-274 (juvenile and domestic relations courts may grant continuance for the filing of certain

By contrast, a motion for a mistrial "brings [the trial] to an end, without a determination on the merits, because of a procedural error or serious misconduct occurring during the proceedings."  Black's Law Dictionary, 1023 (8th ed. 2004). "A mistrial should not be granted for minor irregularities and mistakes in a trial which can be cured by a direction from the trial court to disregard the irregularity or mistake."  Clark v. Chapman, 238 Va. 655, 661, 385 S.E.2d 885, 888 (1989) (citations omitted).  Rather, its purpose is to end the proceedings and begin anew when "there is a manifest probability that objectionable evidence or statements before the jury are prejudicial to the adverse party."  Id.  The result of a mistrial is the termination of the current

reports); Code § 19.2-159.1 (continuances shall be granted to allow criminal defendant to obtain counsel and prepare for trial); Code § 19.2-265.4 (continuance is a remedy for Commonwealth's failure to provide discovery in criminal case); Code § 19.2-266.2 (continuance permitted for good cause shown in criminal case); Code § 30-5 (a party or party's attorney who is a member of the General Assembly may receive continuance as a matter of right during time the legislature is in session); Code § 53.1-210 (continuance available for prisoners); Code § 55-248.25 (continuance available in landlord tenant disputes); Code § 55-248.25:1 (same); Rule 3A:2(b)(3) (continuance "includes adjournment or recess"); Rule 7A:14(a) (district court judge may, by order, delegate to the clerk the power to grant continuances consented to by all parties); Rule 7C:5(f) (continuance permitted for criminally accused in general district court); Rule 8:8 (court may grant continuance to allow time for amendments that act as surprise); Rule 8:14(a) (juvenile and domestic relations court judge may, by order, delegate to the clerk the power to grant continuances consented to by all parties).

16

proceedings with the possibility of the initiation of entirely new proceedings. See, e.g., Lewis v. Commonwealth, 269 Va. 209, 214, 608 S.E.2d 907, 910 (2005) (when right to a fair trial has been prejudiced, a new trial is required); Riner v. Commonwealth, 268 Va. 296, 316, 601 S.E.2d 555, 566 (2004) (standard for considering if a mistrial or a new trial should be ordered is whether, under the circumstances, there has been interference with a fair trial).

No motion for a continuance was made in this case, and Haugen did not assign error to the circuit court's denial of the actual motion made, a motion for a mistrial. The premise of the majority opinion is thus based upon a motion never made, much less ruled upon, and the appeal should end on that basis. Rule 5:25.

## II. STATEMENTS OUTSIDE THE RECORD

The majority opinion accurately recites that the record reflects that Haugen participated in the termination of parental rights hearing by telephone while incarcerated in a federal prison. Haugen was able to talk with her attorney during the hearing and also gave testimony via telephone. After nearly seven hours of proceedings, Haugen's participation by telephone ended. As previously noted, the only explanation of this event in the record is in the court reporter's log, which reflects that at 3:49 p.m., "Ms. Haugen

17

hangs up the phone." The record is devoid of any other evidence as to why Haugen's telephone participation in the hearing ended.

The majority opinion's recitation that "federal prison authorities directed Haugen to leave the room in the penitentiary where she was using the telephone and [they took her] to another area [in the penitentiary] where she would not be permitted to participate in the hearing by telephone" is without support in the record. This is an important distinction because, since the record gives no basis to determine whether Haugen voluntarily or involuntarily ended her participation in the hearing, we cannot reach on appeal any issue regarding the consequences of that termination. Rule 5:11 requires this result for the same reason that we could not reach the issue of whether Haugen acquiesced to the circuit court's initial ruling that she participate in the hearing by telephone.

The representations in the majority opinion that "federal prison authorities directed [Haugen] to terminate her . . . participation" as the basis to avoid the lack of a record to show Haugen's lack of acquiescence or consent to terminating participation in the hearing is puzzling. To reach its conclusion the majority departs from the record and relies on

18

a statement by counsel in response to a question from this Court during oral argument. The majority opinion states:

> Counsel for the Shenandoah Valley Department of Social Services admitted, during oral argument before this Court, that federal prison authorities directed Haugen to leave the room in the penitentiary where she was using the telephone and to go to another area of the prison where she would not be permitted to participate in the hearing by telephone.

There was no such admission.

Even if our caselaw permitted us to use a colloquy at oral argument as a substitute for evidence not in the record,[3] which it does not, the majority's statement is inaccurate.

---

[3] On appeal, this Court is "limited to the record of the proceedings which have taken place in the lower court and have been there settled and certified to us." Ward v. Charlton, 177 Va. 101, 107, 12 S.E.2d 791, 792 (1941); see also Woodfin v. Commonwealth, 236 Va. 89, 97-98, 372 S.E.2d 377, 382 (1988) ("[W]e are limited to the appellate record in this case in consideration of issues presented here. We are not permitted to supplement the record by referring to [other evidence] not made a part of this record."); Dere v. Montgomery Ward & Co., 224 Va. 277, 281 n.2, 295 S.E.2d 794, 796 n.2 (1982) (holding the Court was bound by the record and the circuit court's certified written statement of fact, and "not upon counsel's recollection of what occurred" during proceedings in the circuit court); Rountree v. Rountree, 200 Va. 57, 62-63, 104 S.E.2d 42, 47 (1958) (holding the Court would not consider facts in affidavits attached to the appellate briefs that were not part of the record from the circuit court); Bryant v. Commonwealth, 189 Va. 310, 320, 53 S.E.2d 54, 59 (1949) (Appellants "admit that the specific rulings and the grounds of objection thereto were not made a part of the record. Under these circumstances, we cannot consider them, as we must pass upon the record duly authenticated by the trial judge, and not upon counsel's recollection of what occurred.")

The entire content of counsel's statement at oral argument is as follows:

> Ms. Haugen had the opportunity, because of the scheduling of her prison, to determine whether or not she would continue or she would comply with what her holding facility was asking her to do, which was return to another area of the prison and not in the room where the phone was located. And she, at that point, I don't think she had a completely voluntary termination of her telephone call, but it was not a technical malfunction nor was it the court terminating her telephone call.

(Emphasis added.) A plain reading of counsel's statement is that Haugen had a choice in terminating her participation in the hearing and, for whatever reason, she chose to end the telephone call.

There simply is not a basis in the record for the majority's conclusion that Haugen was compelled to quit the hearing by federal prison authorities. Consequently, as there is no ground in the record by which an appellate court could determine whether Haugen acquiesced to the termination of her telephone participation, the appeal should be dismissed.

III. QUESTION PRESENTED IN THE COURT OF APPEALS

The majority correctly recites from Rule 5:17(c) that "[w]here an appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to questions presented in, or to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court."

20

However, while referencing the Question Presented in the Court of Appeals, the majority opinion omits its actual language, which was: "Whether the trial [court] erred by failing to require the presence of the parents for the hearing on termination of their parental rights." The issue addressed in the majority opinion, that the circuit court abused its discretion when it denied the non-existent motion for a continuance, is not an issue encompassed within the Question Presented, nor was it addressed by the Court of Appeals.

The Question Presented contains no reference to a failure to grant a continuance, that the circuit court abused its discretion in that regard, or that there was resulting prejudice to Haugen. The primary reason for that deficiency is that the abuse of discretion argument upon which the majority opinion rests, was never made by Haugen or by any other party in any court at any time. Haugen's sole argument in the circuit court, the Court of Appeals, and this Court was that her due process rights were infringed because she was not present in person at the hearing.

The Question Presented to the Court of Appeals cannot be retrofitted to cover an issue never raised and not within the plain terms of the actual text of the Question Presented. The Department of Social Services and the child's guardian ad litem never addressed Rule 5:17(c) in the context of the

21

Question Presented in the Court of Appeals because that issue never appeared in this case until raised sua sponte in the majority opinion.

A plain reading of the Question Presented reflects that the issue addressed by the majority – the abuse of discretion to the prejudice of Haugen by denial of a continuance – was not stated in the Question Presented to the Court of Appeals and not decided by that court. Haugen's appeal is thus barred by Rule 5:17(c). See, e.g., Townsend v. Commonwealth, 270 Va. 325, 330 n.2, 619 S.E.2d 71, 74 n.2 (2005) (An argument not made in the Court of Appeals or before this Court will not be considered by the Court on appeal under Rule 5:17(c)).

### IV. ABUSE OF DISCRETION

The issue upon which the majority opinion decides this case, that the circuit court abused its discretion in failing to grant a motion for a continuance, was never raised. The issue was never mentioned on brief, in oral argument, or by way of assignment of error in the circuit court, the Court of Appeals, or this Court, until it appeared sua sponte in the majority opinion.

Rules 5:17 and 5:25 thus apply and end this appeal. Neither the circuit court, the Court of Appeals, nor this Court ever heard an abuse of discretion argument. Haugen made no assignment of error asserting an abuse of discretion.

22

The majority opinion gives no basis upon which an abuse of discretion issue can now be present in this case. No interpretation of a statute or rule is involved, so no contention can be made that the Court is applying the plain language of such to the facts of the instant case. Furthermore, no request for application of the ends of justice exception is present in this record, and no claim of other good cause shown has been made. There is simply no basis in our jurisprudence by which the majority can raise the decisional issue of an abuse of discretion in this case.

## V.  STANDARD OF REVIEW

Even if all the foregoing issues are ignored, there remains a fundamental flaw in the majority opinion, even applying an abuse of discretion standard. Haugen has not produced a record on appeal by which an abuse of discretion claim could be reviewed. Rule 5:11. Our jurisprudence is clear that such a deficiency ends the appeal. White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) ("[T]he onus is upon the appellant to provide the reviewing court with a sufficient record from which it can be determined whether the trial court erred as the appellant alleges. If an insufficient record is furnished, the judgment appealed from will be affirmed.").

23

The majority opinion recites a number of cases where we have stated the standard of review for an abuse of discretion in the denial of a motion for a continuance. The majority appears to say it is enunciating a new standard of review in such cases, which is: "The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant." However, I do not view our prior decisions as establishing different standards but using similar expressions to denote the same standard. Under that standard, appellate review must be possible both for the act of abusing discretion and the resulting prejudice to the movant. Although the majority opinion recognizes the proper appellate standard of review – "a showing of abuse of discretion and resulting prejudice to the movant" – the majority then ignores the enunciated standard because there is no showing of prejudice by Haugen.

By necessity, a court cannot abuse its discretion in denying a motion for a continuance unless the denied movant suffers some harm as a result. Quintana v. Commonwealth, 224 Va. 127, 135, 295 S.E.2d 643, 646 (1982); Rosenberger v. Commonwealth, 159 Va. 953, 957, 166 S.E. 464, 465 (1932). However, a showing of prejudice does not axiomatically become an abuse of discretion, as there are a multitude of reasons

for which a trial court may appropriately deny a continuance even though the movant suffers harm.  For example, a party may move for a continuance during trial because it failed to subpoena a necessary witness.  While the court's denial of a continuance will likely, in fact, prejudice the movant, it would be a rare occasion where the court's action under those circumstances would be deemed an abuse of discretion.

In any event, the movant must show prejudice in order to establish the court's exercise of discretion was abused in denying a continuance.  In other words, a movant cannot show an abuse of discretion if he suffered no harm from the denial of the continuance motion.

That brings us to a fundamental flaw that requires dismissal of this appeal.  As the majority noted with regard to Haugen's due process claim, it is a basic axiom of appellate procedure that the appellant bears the burden of presenting the necessary record on appeal to enable review by the appellate court.  White, 249 Va. at 30, 452 S.E.2d at 858; see, e.g., Pettus v. Gottfried, 269 Va. 69, 81, 606 S.E.2d 819, 827 (2005) (holding the same); McDonald v. National Enterprises, Inc., 262 Va. 184, 195, 547 S.E.2d 204, 211 (2001) (same); Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961) (same).  In the specific context of the appellate review of a claim of abuse of discretion, the

25

appellant must provide a record that shows the prejudice suffered because the continuance motion was not granted. Without that record, an appellate court can make no determination on the circuit court's exercise of discretion, and the appeal cannot proceed.  See, e.g., Rose v. Jaques, 268 Va. 137, 155-56, 597 S.E.2d 64, 75 (2004) (when the record is insufficient to show whether circuit court abused its discretion in refusing to admit evidence, the Court cannot consider the issue on appeal); see also City of Manassas v. Board of County Supervisors, 250 Va. 126, 136-37, 458 S.E.2d 568, 573 (1995) (same); Dade v. Anderson, 247 Va. 3, 8, 439 S.E.2d 353, 356 (1994) (when the record is insufficient to show whether circuit court abused its discretion in denying a motion to amend pleadings, the Court cannot consider the issue on appeal); Niese v. Klos, 216 Va. 701, 705, 222 S.E.2d 798, 801 (1976) (same).

The record is devoid of any proof of prejudice to Haugen resulting from her failure to participate by telephone in the final part of the parental termination hearing.  Moreover, Haugen has never argued in any court that anything did occur after her telephone participation ended which prejudiced her in any way.

What the record does show is seven hours after the hearing started Haugen's telephone participation ended and the

26

hearing continued for another 1 hour and 30 minutes, 47 minutes of which was devoted to closing argument.  Our jurisprudence requires that in order for this Court to review whether a circuit court abused its discretion, the appellant must produce an accurate record to permit appellate review of what transpired during the 1 hour and 30 minutes which caused Haugen harm.  That record simply is not present in this case. There is absolutely nothing in the record before this Court to show how Haugen was prejudiced in any way by anything that occurred in the hearing after her telephone participation ceased.  As no record exists by which any prejudice could be determined, the issue of abuse of discretion raised sua sponte by the majority opinion cannot be reached without resort to pure speculation and outright guesswork.  Rule 5:11 applies to end this appeal.  "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by the omissions shall not be considered."  Rule 5:11(b); see also McDonald, 262 Va. at 195, 547 S.E.2d at 211.

## VI.  CONCLUSION

The majority opinion reaches what can only be seen as the adoption of a per se rule: that in termination of parental rights cases, the failure by a court to grant a continuance

27

(even when not requested) where the subject parent does not participate in some part of the hearing is prejudice per se and an abuse of discretion as a matter of law.  Virginia, alone among the fifty states and the District of Columbia, now holds that in a termination of parental rights case a court abuses its discretion as a matter of law when it fails to grant a continuance, requested or not, when a parent does not participate in some part of a termination proceeding even though represented by counsel.

Such an unprecedented result is all the more puzzling because the practical effect, as in this case, is that the minor child, who has been in foster care limbo for over five years, will now be forced to endure the absence of a legal end to his status indefinitely.  This result is contrary to the public policy of the Commonwealth to expeditiously give the child a permanent home once placed in foster care and expedite any appeal.  Code §§ 16.1-281, 16.1-282, and 16.1-296(D).

For all the foregoing reasons, I respectfully dissent and would dismiss this appeal.