COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and McClanahan
Argued at Alexandria, Virginia


BASIM DAUWD JAMI, S/K/A
   BASIM DAWUD JAMI

                                                    MEMORANDUM OPINION* BY
v.        Record No. 3012-07-4           JUDGE ELIZABETH A. McCLANAHAN
                                                         MARCH 10, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              J. Howe Brown, Judge Designate

                    Vernida R. Chaney, Assistant Public Defender (Office of the Public
                    Defender, on briefs), for appellant.

                    Donald E. Jeffrey, III, Senior Assistant Attorney General (Robert F.
                    McDonnell, Attorney General, on brief), for appellee.


        A jury convicted Basim Dauwd Jami of statutory burglary, in violation of Code

§ 18.2-89.[1]  On appeal, Jami contends the trial court, after granting the Commonwealth's motion

to amend his indictment, erred in denying his motion for a continuance because:  (i) he was

surprised by the amendment; and (ii) he was prejudiced by the court's ruling.  For the following

reasons, we affirm the conviction.

                                                I.

        Pursuant to Code § 19.2-231, if the trial court finds, when considering the

Commonwealth's request for amendment of an indictment, "that such amendment operates as a

surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Jami was also convicted of arson, in violation of Code § 18.2-77, which is not
challenged in this appeal.

reasonable time." As our Supreme Court recently held in Ortiz v. Commonwealth, 276 Va. 705, 722-23, 667 S.E.2d 751, 761-62 (2008), appellate review of a trial court's ruling on a motion for continuance in this statutory context is governed by the same standard of review for any other ruling on a continuance request:

> "The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant."

Id. (emphasis added) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007)). Thus, to prevail in this appeal, Jami must establish that he was both surprised by the amendment to his indictment and that he suffered prejudice by the trial court's rejection of his motion for a continuance. See id. at 723, 667 S.E.2d at 762 (in affirming trial court's denial of appellant's continuance request under Code § 19.2-231, Supreme Court held appellant "failed to prove that the amendment to [his] indictment operated as a surprise or that he was prejudiced by the denial of his motion").

II.

Jami's original indictment charged that, on or about October 16, 2006, he "feloniously did break and enter, in the nighttime, the dwelling house of Chahdad Bolouri, 14486 Four Chimney Drive, Centreville, Virginia, with the intent to commit malicious burning," in violation of Code § 18.2-89. On the day of Jami's trial, the Commonwealth moved to amend the indictment by substituting the name of the owner of the "dwelling house" from "Chahdad Bolouri" to "CNO Construction." The trial court granted the Commonwealth's motion. In response, Jami moved for a continuance, which the trial court denied.

Jami's counsel argued in support of the motion for a continuance that she "lack[ed] impeachment for C&O [sic] Construction, because [she] didn't think [it would be named] as the

party in the indictment." His counsel conceded, however, that Jami's defense was based on the contention he held a possessory interest in the townhouse, along with the homeowners' association, at the time of the alleged offense, thus providing him with a right of entry.[2] As the trial court correctly reasoned, Jami's defense would remain the same, regardless of which party the Commonwealth named in the indictment as the owner of the townhouse on the date of the charged offense.

Jami's counsel also conceded that, in her investigation and preparation for the case, she found CNO Construction in the chain of title to the townhouse. She also, in fact, introduced into evidence at trial a copy of the very deed in which the townhouse was expressly conveyed to "CNO CONSTRUCTION, INC., Grantee," pursuant to the foreclosure sale initiated by the homeowners' association under its assessment lien on the townhouse. We thus conclude that, "[c]learly, the element of surprise was lacking." Id.

In addition, Jami "'made no showing of a specific need for additional investigation to prepare . . . a defense.'" Id. (quoting Mackall v. Commonwealth, 236 Va. 240, 249, 372 S.E.2d 759, 765 (1988)). As in Ortiz, Jami's "[m]ere reference to a need for more time to prepare is insufficient to show a continuance was improperly denied." Id. Therefore, Jami has also failed to establish that he was prejudiced by the trial court's denial of his motion for a continuance.

---

[2] It was undisputed that the townhouse was previously owned by Jami's mother, who had died about two years before the charged offense, that Jami's mother devised an undivided interest in the townhouse to him in her will, and that the townhouse had been sold at foreclosure a month prior to the date of the charged offense in execution of a homeowners' association assessment lien on the townhouse. Jami based his assertion that he maintained a possessory interest in the townhouse at the time of the charged offense ("on or about October 16, 2006") on the fact that the foreclosure deed was not executed until December 20, 2006. However, the record does not indicate that Jami supported this argument with any legal authority; the Commonwealth presented evidence that CNO Construction, Inc. owned the townhouse at the time of the charged offense, and the jury, in finding Jami guilty as charged, necessarily found that he had no possessory interest in the townhouse at the time of the offense (i.e., the jury found that the townhouse was the "dwelling house of another" under Code § 18.2-89).

For these reasons, we affirm Jami's conviction.

Affirmed.