COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


RACHEL H. SLUSSER

v.      Record No. 2068-10-3

GILES COUNTY DEPARTMENT
  OF SOCIAL SERVICES                               MEMORANDUM OPINION[*]
                                                        PER CURIAM
RACHEL H. SLUSSER                                     MARCH 22, 2011

      v.      Record No. 2069-10-3

GILES COUNTY DEPARTMENT
  OF SOCIAL SERVICES

                    FROM THE CIRCUIT COURT OF GILES COUNTY
                              Colin R. Gibb, Judge

            (Christopher A. Tuck, on brief), for appellant.

            (Richard L. Chidester; Hartley & Chidester, P.C., on brief), for
            appellee.

            (Tracy Neyhart; Neyhart, Robertson & McConnell, P.C., on brief),
            Guardian *ad litem* for minor children.


        Rachel H. Slusser (mother) appeals an order terminating her parental rights to her children.

Mother argues that the trial court abused its discretion in denying her request for a continuance

when she was not able to be present for the trial, thereby denying her ability to rebut the Giles

County Department of Social Services' (the Department) case to terminate her parental rights.

Upon reviewing the record and briefs of the parties, we conclude that these appeals are without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Mother has two children, whom the Department removed from the home in September 2009. Mother had a history of substance abuse and being in relationships with violent and abusive men. The Department provided mother with various services, including substance abuse counseling and mental health counseling.

The Giles County Juvenile and Domestic Relations District Court terminated mother's parental rights, and mother appealed to the trial court. On March 10, 2010, the Department sent a notice advising mother that the appeal would be heard on June 9, 2010 in the trial court. In April 2010, mother told the Department that she wanted to continue the June 2010 hearing because she wanted six months "to get things together." On June 4, 2010, mother was hospitalized for abdominal pain, which was later diagnosed as colon cancer. Mother required surgery and was unable to attend the June 9, 2010 court date. The matter was continued until September 8, 2010. The Department sent a notice to advise mother of the September 8, 2010 court date. The notice included a statement that said, "If you fail to appear, evidence will be heard in your absence and an order terminating your parental rights may be entered against you in your absence."

On September 8, 2010, mother's counsel requested a continuance. Counsel advised the court that mother incorrectly thought that the court date was September 9, 2010, not September 8, 2010. Counsel also informed the court that mother told him that her grandfather passed away the night before and that she checked herself into a drug treatment program four days earlier. The trial court denied mother's continuance request because the matter had been previously

- 2 -

continued, the case had been set "for some time," and there were "many, many witnesses" in the courtroom.

Based on the evidence presented, including mother's numerous encounters with law enforcement regarding her substance abuse, the trial court terminated mother's parental rights to her two children. These appeals followed.

ANALYSIS

Mother argues that the trial court erred in denying her continuance request.

> The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

In Haugen, the Supreme Court of Virginia held the trial court "abused its discretion by ruling that Haugen was not entitled to a continuance when the federal prison authorities directed her to terminate her telephone participation in the hearing to terminate her parental rights." Id. The Court further stated, "Haugen was prejudiced because she was unable to participate in an important portion of a proceeding in which she was rendered a legal stranger to her biological child." Id. at 35, 645 S.E.2d at 265.

Unlike Haugen, mother was not incarcerated and unable to participate in the hearing on September 8, 2010. The trial court previously granted mother's request for a continuance based on her medical condition, of which she had no control. The matter was continued to September 8, 2010, which was beyond the ninety-day requirement of Code § 16.1-296(D).[1] Mother had

---

[1] "When an appeal is taken in a case involving termination of parental rights brought under § 16.1-283, the circuit court shall hold a hearing on the merits of the case within 90 days of the perfecting of the appeal." Code § 16.1-296(D).

notice of the September 8 hearing, but did not appear. Mother's counsel told the trial court that mother had the incorrect date and checked herself into a drug treatment program four days earlier, but there was no evidence that mother was unable to attend the September 8 hearing. At trial, mother was represented by counsel who had the opportunity to cross-examine witnesses and put on evidence. The trial court heard extensive evidence about mother's substance abuse problems and the dangers to which the children had been exposed. In addition, there was evidence of mother's numerous encounters with law enforcement since June 2010. The guardian *ad litem* argued that it was in the children's best interests that mother's parental rights be terminated. There was evidence that the children were doing well in foster care. Furthermore, the trial court heard from Dr. Daniel Porter, who conducted a psychological evaluation of mother, and concluded "Ms. Slusser has a severely impaired parental capacity and would not be a psychologically healthy caretaker for these children." At the conclusion of the evidence, the trial court stated, "if there's ever a case for the termination of parental rights, this is it."

Considering the circumstances of this case and the fact that there was no evidence to explain why mother could not be at the hearing on September 8, 2010, the trial court did not abuse its discretion in denying the motion for a continuance.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.