COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


AVA CATRON BLACK

                                                    MEMORANDUM OPINION*
v.       Record No. 1873-11-2                           PER CURIAM
                                                      MARCH 6, 2012
CHARLOTTESVILLE DEPARTMENT
 OF SOCIAL SERVICES


           FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                          Edward L. Hogshire, Judge

              (Wayne D. Inge, on brief), for appellant.

              (Allyson Manson-Davies, Deputy City Attorney; Stephanie Cangin,
              Guardian *ad litem* for the minor child, on brief), for appellee.


        Ava Catron Black, mother, appeals a decision of the trial court terminating her parental

rights to her minor child, A.B., and approving a change in goal of the foster care plan for A.B. to

adoption.  On appeal, mother contends the trial court abused its discretion by denying her motions

to recess the case to allow her newly retained counsel to present evidence at a later date.  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cnty. Dep't of Human

Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  When considering termination of parental

rights "the paramount consideration of a trial court is the child's best interests."  Id. at 128, 409

S.E.2d at 463.

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A.B. was removed from mother's home in September of 2009 pursuant to an emergency removal order issue by the juvenile and domestic relations district court (JDR court). After a series of hearings, on February 7, 2011, the JDR court granted the petition to terminate mother's parental rights and it approved the change in goal of A.B.'s foster care plan to adoption. Mother appealed these decisions to the trial court on February 8, 2011.

The trial court hearing for mother's appeal was scheduled for August 19, 2011. On that date, mother's new counsel submitted an agreed order for substitution of counsel which the trial court entered. Mother's counsel then made a motion to continue the case, either in full or after the Charlottesville Department of Social Services (DSS) rested its case, in order to prepare for trial. Counsel asserted he was retained by mother three days prior to the hearing date. Previously, mother had court-appointed counsel in the case.

The trial court denied mother's request, stating that it had no available hearing dates until approximately the spring of the next year. The trial court also noted that, on appeal from the JDR court, termination cases are to be heard by the trial court within ninety days of the perfection of the appeal. See Code § 16.1-296(D). In this case, the August 19, 2011 hearing date was already past the ninety-day statutory requirement. In addition, the trial court remarked that children should not languish in foster care and mother had had ample opportunity to obtain counsel. Moreover, DSS had several witnesses from out of town who had traveled to the hearing.

After DSS rested its case, mother renewed her request for a recess in the case in order to prepare her evidence. She asserted that because A.B. was in the care of a relative, who expressed a desire to adopt the child, a recess would not prejudice the needs of A.B. The trial court asked mother's counsel what witnesses he intended to call to rebut the evidence that DSS had presented. Counsel replied that he intended to speak with A.B.'s teachers and review the standardized tests that were administered to A.B. and were addressed during the case presented by DSS. The trial court

noted that those tests were only one part of the case presented by DSS. DSS had also introduced evidence of physical and emotional abuse suffered by the child, psychological evaluations, and testimony from a trauma expert.

Counsel for DSS and the guardian *ad litem* objected to the recess, asserting that, because the child had been in foster care for about twenty-three months, it was in the best interests of the child that the proceedings come to a conclusion.

The trial court denied the request for a recess, stating its concern that the case was not heard on an earlier date. The trial court also commented that mother had "more than enough time to get witnesses here, to take care of this if she wanted to protect her parental rights. She's chosen not to do that. And this young girl needs this home and needs to have certainty. And that's what the statute is all about."

Mother appealed the trial court's decisions to this Court.

"The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant." Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 33, 645 S.E.2d 261, 264-65 (2007).

"When an appeal is taken in a case involving termination of parental rights brought under § 16.1-283, the circuit court shall hold a hearing on the merits of the case within 90 days of the perfecting of the appeal." Code § 16.1-296(D). This is based on the principle that "child-custody litigation must be concluded as rapidly as is consistent with fairness." Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 32 (1981).

Mother asserts that the trial court's denial of the recess resulted in prejudice to her because she was unable to dispute or rebut the evidence of A.B.'s developmental delays presented by DSS.

In Haugen, the Supreme Court of Virginia held the trial court "abused its discretion by ruling that Haugen was not entitled to a continuance when the federal prison authorities directed her

to terminate her telephone participation in the hearing to terminate her parental rights." Haugen, 274 Va. at 34, 645 S.E.2d at 265. The Supreme Court of Virginia stated, "Haugen was prejudiced because she was unable to participate in an important portion of a proceeding in which she was rendered a legal stranger to her biological child." Id. at 35, 645 S.E.2d at 265.

Here, mother's participation in the trial was not terminated. Indeed, she was present and was represented by counsel who cross-examined most of the witnesses for DSS. Mother requested the recess to enable her newly retained counsel to prepare her case. As the trial court noted, mother had "ample time" to obtain counsel to prepare her case. [1] Moreover, she was represented by court-appointed counsel until she retained counsel three days before the hearing. She perfected her appeal on February 8, 2011 and the hearing was held on August 19, 2011, a date that was already past the statutory time requirement. See Code § 16.1-296(D). At the time of the trial, the minor child had been in foster care for over twenty-three months. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Thus, the trial court properly took into account the time limitation period governing termination proceedings, the amount of time the child had been in foster care, mother's lack of due diligence in retaining new counsel, and the presence of the witnesses for DSS who may or may not have been available at some later date. Furthermore, mother's counsel articulated only one aspect of the case about which he intended to present evidence—the standardized testing administered to

---

[1] Although mother asserts she did not procrastinate by retaining counsel within twenty-one days of receiving notice of the August 19, 2011 hearing, she perfected her appeal to the trial court in February 2011, more than six months before the hearing date, and she could have retained counsel prior to receiving notice of the hearing date.

the child.  As the trial court stated, the case involved other important issues and factors related to the decision to terminate mother's parental rights.

On this record, we cannot say the trial court abused its discretion by denying mother's requests for a recess in the proceedings.  Accordingly, the trial court's rulings are summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>