COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Alston and Senior Judge Willis

ROGER GORDON

v.     Record No. 1743-12-2

SARAH McINERNEY

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 26, 2013

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

(Roger Gordon, *pro se*, on brief).

(Linda M.H. Tomlin; Tomlin & McKeen, PLLC, on brief), for
appellee.


Roger Gordon appealed a custody and visitation order from the City of Richmond Juvenile

and Domestic Relations District Court (the JDR court) to the City of Richmond Circuit Court (the

trial court). He argues that the trial court erred in denying his motion to continue the hearing. Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

On February 23, 2012, the JDR court entered a final order regarding custody and

visitation of the parties' minor child. On April 2, 2012, Gordon and counsel for Sarah

McInerney appeared at docket call and scheduled the trial for May 24, 2012 at 10:00 a.m.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 23, 2012, the day before the trial, Gordon retained counsel, who was not available on the trial date. On May 24, 2012, McInerney and her witnesses appeared for trial. Gordon presented a letter from his newly retained counsel and requested a continuance. McInerney objected to the continuance, arguing that she was ready to proceed and her witnesses were present. The trial court denied the motion to continue. Gordon decided not to proceed, and the trial court dismissed the case with prejudice.[1] This appeal followed.

ANALYSIS

Gordon argues that the trial court erred in denying his motion for continuance. He asserts that he retained counsel on May 23, 2012 and that counsel provided him with a letter requesting the continuance. Gordon contends the trial court should have granted him a continuance because he was appealing a custody and visitation order and the motion was not made to delay trial, but to prepare for trial.

> The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

The trial court provided detailed reasons for denying the motion to continue. The trial court noted that Gordon did not retain counsel until the day before the trial, which had been set for over a month. The trial court found that the motion was not timely filed. McInerney did not have advance notice and objected to the continuance. She and her witnesses were present and ready to proceed with the trial. Furthermore, Gordon's newly retained counsel was not available for trial until August.

---

[1] On June 11, 2012, the trial court also entered an order awarding McInerney $2,500 in attorney's fees and $200 in costs. Gordon did not appeal this order.

Contrary to Gordon's argument, there was no prejudice to him by denying the motion to continue. Gordon had time to retain counsel, but waited until the day before the hearing to hire an attorney who was not available. After denying the motion, the trial court gave Gordon the option of proceeding with his case, but he chose not to proceed.

Considering the circumstances, the trial court did not abuse its discretion in denying the motion to continue.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.