UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

CHRISTINA LYNN STEWART

                                               MEMORANDUM OPINION*

v.     Record No. 1353-17-3                      PER CURIAM
                                                APRIL 10, 2018

HARRISONBURG ROCKINGHAM
 SOCIAL SERVICES DISTRICT

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Shelly R. James; John Elledge & Associates, on brief), for
appellant. Appellant submitting on brief.

(Kim Van Horn Gutterman, Assistant County Attorney; Sherwin
John Jacobs, Guardian *ad litem* for the minor child, on brief), for
appellee. Appellee and Guardian *ad litem* submitting on brief.

Christina Stewart (mother) appeals the orders denying her motion for a continuance,

withdrawing her appeal, terminating her parental rights, and approving the goal of adoption.

Mother argues that the "trial court abused its discretion when it denied mother's motion to continue

the trial date and thus found that she had failed to prosecute her appeal of the Juvenile and Domestic

Relations District Court order." Upon reviewing the record and briefs of the parties, we conclude

that the trial court did not err. Accordingly, we affirm the decision of the trial court.

BACKGROUND

"On appeal, 'we view the evidence and all reasonable inferences in the light most

favorable to the prevailing party below, in this case the Department.'" Farrell v. Warren Cty.

---

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Dep't of Soc. Servs., 59 Va. App. 375, 386, 719 S.E.2d 329, 334 (2012) (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180, 409 S.E.2d 16, 18 (1991)).

On May 17, 2017, the Harrisonburg Rockingham Juvenile and Domestic Relations District Court (the JDR court) terminated mother's parental rights to her son, D., and approved the goal of adoption. Mother timely noted her appeal to the circuit court. On June 21, 2017, the circuit court set the trial date for August 18, 2017. On August 16, 2017, mother filed a motion for continuance. In her motion, she stated that she "requested with a month in advance the day off from her employer," but her employer refused to "give her the requested time off." She also tried to find someone to "cover her shift," but did not find anybody available. Mother indicated that she could "lose her employment" if she did not appear for her shift. She requested a continuance "so that she may be present and adequately exercise her rights."

The parties appeared before the circuit court on August 18, 2017. Mother's counsel was present, but mother was not present. Her counsel requested the court to continue the case and relied on her pleading for her argument. The guardian *ad litem* and the Harrisonburg Rockingham Social Services District (the Department) objected to the continuance. The guardian *ad litem* argued that mother had since moved to North Carolina and had not seen D. since January 2017. The guardian *ad litem* further noted that mother had not "participated in any services, so the ability of the mother to remedy anything in the next two months if we're even to get a trial date is like almost zero . . . ." The guardian *ad litem* and the Department stressed that D. needed finality. The Department also noted that mother's absence at the hearing was "consistent with the lack of having her son as a priority over the past three years." After hearing the arguments, the circuit court denied the motion for a continuance.

Next, the circuit court heard argument regarding the withdrawal of mother's appeal pursuant to Code § 16.1-106.1 because she failed to appear in court.[1] The Department asked the circuit court if it could proffer the evidence it would have presented at the termination of parental rights hearing and submit its exhibits, to "show fully the reasons supporting termination of mother's parental rights and approval of the goal of adoption." Mother's counsel objected to withdrawing the appeal and terminating her parental rights because of mother's failure to appear. Counsel reiterated that mother was not at court because of her employer's requirements. The circuit court took the motion to withdraw the appeal under advisement and allowed the Department to proffer its evidence.

The Department explained that in July 2014, the Department received a child protective services complaint that D. had been exposed to adult sexual behavior. After the investigation, the complaint was founded. Also in July 2014, the Department learned that the family was homeless. The Department placed D. with a relative, Miesha Horton. On July 9, 2014, the JDR court awarded legal and physical custody of D. to Horton. The Department offered services to mother; however, mother did not accept the Department's housing referral. Mother stayed at the Salvation Army shelter and later rented an apartment. In November 2014, mother was evicted from the apartment. The apartment was cluttered and filled with dirty dishes and clothes. D. continued to reside with Horton until March 2016, when Horton told the Department that she could no longer care for D. On March 7, 2016, the JDR court entered an emergency removal order, and the Department placed D.

---

[1] Code § 16.1-106.1(D) provides,

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time for setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section. If no party appears for trial, the court may deem the appeal to be withdrawn without a motion and enter an order disposing of the case in accordance with this section.

in foster care. On April 13, 2016, the JDR court entered an order finding that D. was an abused and neglected child.

At the August 18, 2017 hearing, the Department submitted into evidence several foster care plans, which described the services offered to mother. The foster care plans indicated that mother's housing and employment were unstable. Although she finished a parenting class, mother did not complete a budgeting and money management class, nor did she obtain the recommended mental health services. The Department referred mother for a parenting and psychological capacity evaluation. The evaluator noted that mother missed or canceled numerous visits, so the evaluation was incomplete. However, the evaluator stated that mother appeared "to have had long-term personality difficulties and trouble with day-to-day functioning, compounded by some depression and anxiety." The Department noted that the evaluator made "thorough and numerous recommendations for services," but mother did not follow through with the recommendations.

The Department also informed the circuit court that mother moved to North Carolina in January 2017 and had not seen the child since her move, even though the Department tried to schedule visits up until May 2017. The Department stated that the visits were scheduled on Saturdays because that day was supposedly a more convenient day for mother. However, mother "always had one excuse or another for not coming." The Department explained that the missed visits were "detrimental" to D. because he displayed anger and aggression when visits were canceled.

The Department also argued that termination of mother's parental rights would be in D.'s best interests. While in foster care, D. received "extensive services for his behavioral and mental health needs." In November 2016, D. was hospitalized for suicidal ideation. The Department asserted that "his parents could not provide for him" and his needs.

After hearing the Department's proffer of the evidence, the circuit court asked mother's counsel if she had any questions, and she responded negatively. The circuit court also asked mother's counsel if she had any evidence to present, and she responded negatively. The circuit court asked for the guardian *ad litem*'s recommendation. The guardian *ad litem* noted that mother was not in a position to assume custody, and he stated that termination of her parental rights was in the best interests of the child. The circuit court made alternative rulings in the case. First, the circuit court found that mother failed to appear at the hearing, and granted the Department's motion to withdraw her appeal pursuant to Code § 16.1-106.1(D). Second, the circuit court found that it was in the child's best interests to terminate mother's parental rights to D. pursuant to Code § 16.1-283(C)(2). The circuit court also approved the goal of adoption. This appeal followed.

ANALYSIS

Mother argues that the "trial court abused its discretion when it denied mother's motion to continue the trial date and thus found that she had failed to prosecute her appeal of the Juvenile and Domestic Relations District Court order."[2] Mother contends that the denial of the continuance prejudiced her because the circuit court "found that she had failed to prosecute the case, [and] dismiss[ed] her appeal of the JDR Court's termination order pursuant to Code § 16.1-106.1." Furthermore, she asserts that the trial court should have granted her motion for a continuance, so that she would have had an opportunity to testify and "defend herself" against the allegations presented by the Department in its proffer.

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court." Butler v. Culpeper Cty. Dep't of Soc. Servs., 48 Va. App. 537, 543, 633 S.E.2d 196,

---

[2] The Department argues that mother did not preserve her arguments for appeal; however, we find that mother noted her objection to the circuit court's denial of her motion for a continuance. Mother filed the motion, and her counsel asked for the continuance at the beginning of the trial. She also objected to the circuit court's termination of her parental rights and the withdrawal of her appeal because of her failure to appear.

199 (2006) (quoting <u>Venable v. Venable</u>, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986)). "This decision will not be reversed on appeal unless the trial court abused its discretion and the moving party was prejudiced by the court's decision." <u>Id.</u>; <u>see also</u> <u>Haugen v. Shenandoah Valley Dep't of Soc. Servs.</u>, 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

Despite the fact that the hearing was scheduled two months in advance, mother waited until two days before the hearing to file her motion for a continuance. She stated that she could not get time off from work to come to the hearing. Mother was not present, but her counsel was present at the hearing. The circuit court gave mother the opportunity to question the Department's witness about its proffer, but she did not do so. In addition, mother did not present, or proffer, any evidence to the circuit court. Without such evidence or proffer, mother has not shown that she was prejudiced by the court's decision. <u>See</u> <u>Butler</u>, 48 Va. App. at 544, 633 S.E.2d at 199.

Moreover, the Department's proffer indicated that at the time of the hearing, D. had not been in mother's care for more than three years.[3] Mother had not seen D. since January 2017. In addition, mother had not complied with the Department's requirements.

Considering the totality of the circumstances, mother has not shown that she was prejudiced by the circuit court's decision to deny her continuance request.[4]

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>

---

[3] The record indicates that after Horton said she could no longer care for D. in 2016, D. had been placed in three foster homes.

[4] We also note that mother did not challenge on appeal the trial court's ruling that the termination of her parental rights was in the best interests of D.

- 6 -