COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


TINA HORNER

                                                MEMORANDUM OPINION[*]
v.        Record No. 0161-10-1                          PER CURIAM
                                                    SEPTEMBER 7, 2010
NORFOLK DEPARTMENT OF HUMAN SERVICES


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Louis A. Sherman, Judge

          (Lesa J. Henderson, on brief), for appellant.

          (Bernard Pishko, City Attorney; Wayne Ringer, Chief Deputy City
          Attorney; Heather L. Kelley, Assistant City Attorney; Cynthia D.
          Garris, Guardian *ad litem* for the minor children, on brief), for
          appellee.


       Tina Horner (mother) appeals an order terminating her parental rights to her three minor

children.  Mother argues that the trial court erred by (1) finding that she has been unwilling or

unable to substantially remedy the conditions which led to or required continuation of the children's

foster care placement and (2) denying her motion for continuance.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

       We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The Norfolk Department of Human Services (the Department) initially became involved with mother and her children on November 2, 2007, due to concerns about domestic violence between mother and the children's father and the lack of electricity in the home. Mother moved to a friend's house after the incident with the children's father, but the home was not safe for the children. The Department identified areas of concern with mother, including her inability to discipline the children, her depression, and her history of substance abuse and alcohol abuse. Mother also had not cleaned or clothed the children properly for the weather, nor had she ensured that they receive the necessary medical attention.

In May 2008, mother was arrested and spent approximately twenty-four hours in jail. Mother's friend called social services and told them that he could not care for the children. The Department removed the children and placed them in foster care.

Mother did not comply with all of the Department's requirements, and the Department filed a petition to terminate her parental rights. On January 4, 2010, the trial court found that it was in the children's best interests to terminate mother's parental rights under Code §§ 16.1-283(B) and 16.1-283(C)(2).[1]

ANALYSIS

Issue 1 - Termination

Mother argues that the trial court erred in finding that she had not substantially remedied the situation that led to, or required the continuation of, the children being placed in foster care. In her brief, mother contends she complied with the majority of the Department's requests.

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

---

[1] The trial court also terminated father's parental rights.

Mother contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(C)(2).[2] She argued that she completed a parenting class, maintained regular contact with her children, received a protective order against the children's father, attended counseling sessions, submitted to drug screening tests, attended monthly Alcoholics Anonymous and Narcotics Anonymous meetings, and completed a domestic violence class. She asserts that she substantially complied with the Department's requests.

However, mother still had not addressed the issues that led to the children being placed in foster care. At the time of the removal, mother had unstable housing, no employment, untreated depression, substance abuse problems, and was a victim of domestic violence. At the time of the hearing in the trial court, mother did not have independent housing and was living with her daughter, her daughter's boyfriend, and her daughter's child in a three-bedroom house. She had not contributed toward rent because she did not have a job until three weeks before the trial started when she obtained a part-time job. She used drugs as recently as May 2009 and alcohol in January 2009. Mother did not obtain additional substance abuse treatment, as recommended and available at no cost to her. Mother did not complete the follow-up to her parent capacity evaluation.

> [S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has

---

[2] Code § 16.1-283(C)(2) states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services.

Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 271, 616 S.E.2d 765, 772 (2005) (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

The trial court found that mother was unable, or unwilling, to remedy substantially the conditions that led to and required the children to be placed in foster care. Although mother complied with some of the Department's requests, her situation did not change. Her housing and employment were not stable. She had not addressed her problems with depression, and admitted to using drugs in the year prior to the hearing. The evidence was sufficient to terminate mother's parental rights under Code § 16.1-283(C)(2).

Mother's parental rights also were terminated under Code § 16.1-283(B).[3] Mother did not argue that the trial court erred in terminating her parental rights under Code § 16.1-283(B). Therefore, this Court will not address the termination of mother's parental rights under Code § 16.1-283(B).

---

[3] Code § 16.1-283(B) states a parent's parental rights may be terminated if:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

Issue 2 - Continuance

Mother argues that the trial court erred in denying her motion for continuance. At the beginning of the trial, mother requested a continuance so that she could have additional time to obtain substance abuse counseling. The trial court denied mother's motion. The trial court referred to the requirement in Code § 16.1-296(D), which states that a circuit court needs to conduct the termination hearing within ninety days of the appeal being perfected. The order from which mother appealed was entered on September 3, 2009, and mother requested the continuance at the hearing on December 15, 2009.[4] If the trial court granted the continuance, a new hearing would be outside the ninety-day time frame.

"The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant." Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 33, 645 S.E.2d 261, 264-65 (2007); see also Butler v. Culpeper Cnty. Dep't of Soc. Servs., 48 Va. App. 537, 543, 633 S.E.2d 196, 199 (2006) ("'The decision whether to grant a continuance is a matter within the sound discretion of the trial court.' This decision will not be reversed on appeal unless the trial court abused its discretion and the moving party was prejudiced by the court's decision." (quoting Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986))).

Mother asserts that the trial court's denial of the continuance resulted in prejudice to her because her parental rights were terminated.

In Haugen, the Supreme Court of Virginia held the trial court "abused its discretion by ruling that Haugen was not entitled to a continuance when the federal prison authorities directed her to terminate her telephone participation in the hearing to terminate her parental rights."

---

[4] The parties scheduled mother's appeal and father's appeal to be heard together on December 15, 2009 "for judicial efficiency." The order from which father appealed was entered in early October 2009, so the ninety-day time period had not yet expired.

Haugen, 274 Va. at 34, 645 S.E.2d at 265. The Supreme Court of Virginia further stated, "Haugen was prejudiced because she was unable to participate in an important portion of a proceeding in which she was rendered a legal stranger to her biological child." Id. at 35, 645 S.E.2d at 265.

Here, mother's participation in the trial was not terminated. Her request for a continuance was to enable her to complete substance abuse counseling. At the time of the trial, the children had been in foster care for over eighteen months. Mother had sufficient time to obtain and complete substance abuse counseling.

The trial court did not abuse its discretion in following the statutory mandate of hearing the matter within the necessary time frame and denying mother's request for a continuance.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.