COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Frank and Humphreys


JARROD DOLAK

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0065-12-1                       JUDGE ROBERT P. FRANK
                                                    JULY 31, 2012
VIRGINIA BEACH DEPARTMENT
 OF HUMAN SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          H. Thomas Padrick, Jr., Judge

            (Theresa B. Berry, on brief), for appellant.  Appellant submitting on
            brief.

            (Mark D. Stiles; Christopher Boynton; Rachel Allen; Leilani A.
            Adams, Guardian *ad litem* for the minor child; Office of the City
            Attorney; Thomas & Associates, PC, on brief), for appellee.
            Appellee and Guardian *ad litem* submitting on brief.


       Jarrod Dolak, appellant, appeals the termination of his parental rights to his child pursuant to

Code § 16.1-283(E)(i).  Appellant argues the circuit court erred in entering an order, *in absentia*,

terminating his parental rights of L.D., a minor child, in violation of appellant's rights to due

process.  For the reasons stated, we affirm the judgment of the trial court.

                                       BACKGROUND

       We recite only those facts germane to our analysis.

       L.D. was born to appellant and Lisa Dolak on March 31, 2009.  On April 3, 2009, the

Virginia Beach Department of Human Services (VBDHS) filed an emergency removal petition in

the city's juvenile and domestic Relations district court (JDR court), seeking custody of L.D.  The

petition was based on:  1) a history of domestic violence between appellant and Lisa Dolak; 2) three

───────────────

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

previous, founded child protective services cases; 3) prior removal of other biological children; 4) prior involuntary termination of parental rights; 5) mental health concerns; 6) instability; and 7) a history of incarceration/criminal activity by both parents. On April 3, 2009, an emergency removal order was issued, and VBDHS received custody of L.D.

On April 9, 2009, the JDR court entered a preliminary removal order continuing custody with VBDHS. Both parents were present and represented by counsel.

On June 10, 2009, the JDR court entered an order holding that L.D. was at-risk and that there was a substantiated complaint of child abuse and neglect against L.D.'s parents. The order continued custody of L.D. with VBDHS. Foster care service plans were approved by the court for both parents.

On May 23, 2011, termination proceedings were held in the JDR court. Appellant had been personally served with the termination of parental rights petition, but he did not appear for the hearing. The juvenile court terminated the parental rights of both parents.

On December 8, 2011, a *de novo* hearing was held in the circuit court on appeal of the termination of parental rights. Neither appellant nor Lisa Dolak appeared at the hearing, but court-appointed counsel for each parent appeared. The circuit court entered an order, *in absentia*, terminating the parental rights of appellant and Lisa Dolak.[1] This appeal follows.

ANALYSIS

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d

_____

[1] Lisa Dolak also appealed the termination of her parental rights, and her appeal (Record No. 0064-12-1) is also decided this day.

460, 463 (1991)). When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Appellant argues that the circuit court erred in terminating his parental rights in his absence. He contends that he was deprived of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Virginia Constitution, Article I, § 11. However, appellant did not preserve this issue for appeal. In appellant's written statement of facts, paragraph 16 states that the circuit court terminated the parental rights of appellant and Lisa Dolak on December 8, 2011, "over the objection of their counsel." The statement of facts provides no grounds for the objection. The circuit court's order terminating appellant's parental rights was entered on December 8, 2011, and it was merely signed "[s]een and objected to" by appellant's counsel. Again, no grounds for the objection were given.

Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> The purpose of the rule is to allow the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials. See, e.g., Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). Ordinarily, endorsement of an order "Seen and objected to" is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert

the trial court to the claimed error. See id. at 515, 404 S.E.2d at 738. Such an endorsement is sufficient to satisfy Rule 5A:18 only if "the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection." Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993).

Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000).

In this case, appellant's endorsement of the order terminating his parental rights gave no indication of a due process argument. Furthermore, the record shows that both appellant and Lisa Dolak were, in fact, given proper notice of the termination proceedings. Counsel for both parties appeared at the hearing.[2]

Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, but appellant does not argue that we should invoke those exceptions in this case. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred."). We do not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc).

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax Cnty. Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Pub. Welfare of Richmond, 231 Va. 277, 280,

---

[2] Appellant cites Haugen v. Shenandoah Valley Dep't of Social Services, 274 Va. 27, 645 S.E.2d 261 (2007), for the proposition that he was not required to object, because of the drastic nature of terminating parental rights. We conclude that Haugen is inapposite to this appeal. Haugen was incarcerated and attempted to participate in a termination hearing by phone. Prison officials required Haugen to end the phone call before the hearing had concluded, and the trial court proceeded without her and took testimony from two other witnesses. Id. at 30, 546 S.E.2d at 263. In the case before us, nothing in the record indicates that appellant was prevented from attending the termination hearing, other than by his lack of transportation. Further, nothing in the record indicates a timely and specific objection to the circuit court proceeding *in absentia*.

- 4 -

343 S.E.2d 70, 72 (1986)).  However, in this case, appellant did not preserve his argument for appeal, nor has he shown that any miscarriage of justice occurred.

## CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court.

<u>Affirmed.</u>