COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Felton

ANDRE MORMAN, SR.

MEMORANDUM OPINION[*]

v.      Record No. 0545-15-2

PER CURIAM
SEPTEMBER 8, 2015

RICHMOND DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

(James M. Nachman, on brief), for appellant.

(Kate O'Leary, Deputy City Attorney; Stephen M. Hall, Deputy City
Attorney; Paul Kellinger, Guardian *ad litem* for the minor children,
on brief), for appellee.

Andre Morman, Sr. (father) appeals the order terminating his parental rights to his six

children. Father argues that the circuit court erred by (1) denying his motion to continue and his

"motion objecting to the admission of statement(s) and/or video-taped statement(s) into evidence

pursuant to Virginia Code §§ 63.2-1522 and 1523;" (2) overruling his objections and considering

evidence from the proceedings in Richmond Juvenile and Domestic Relations District Court (the

JDR court); (3) allowing A.M.'s[1] statements to come into evidence through Amy Beddo Thomas;

(4) allowing A.M.'s videotaped statement to come into evidence; and (5) concluding that the

Richmond Department of Social Services (the Department) proved by clear and convincing

evidence that father's parental rights should be terminated. Upon reviewing the record and briefs

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Court will refer to the minor children by their initials.

of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Father and Jennifer Morman (mother) have six children who are the subject of this appeal. Between 2008 and 2013, child protective services received nine complaints regarding the children. On June 6, 2013, the children came into the Department's custody based on allegations of sexual abuse. The JDR court sustained abuse and neglect petitions filed by the Department.

The goal of the initial foster care plan was for the children to return home. The Department started to provide services to the parents. Father refused any treatment offered by the Department and never acknowledged any inappropriate behavior with the children. The goal of the foster care plan was changed to adoption once the Department learned of the children's statements regarding abuse in the home.

On May 2, 2014, the JDR court terminated father's parental rights to his six children.[2] He appealed to the circuit court. The circuit court heard evidence on December 10, 2014 and March 3, 2015. Father objected to the admission of videotaped testimony from one of his children, but the circuit court admitted the tape pursuant to Code § 63.2-1523. Father also objected to some out-of-court statements made by the child. The circuit court excluded the

---

[2] The JDR court also terminated mother's parental rights. She appealed to the circuit court, and the circuit court denied the Department's request to terminate mother's parental rights pursuant to Code § 16.1-283(B) and (E)(iv).

child's statements; however, some of the statements were later admitted on redirect after cross-examination of the child's sexual therapist.

On March 5, 2015, the circuit court entered a final order that terminated father's parental rights to his six children pursuant to Code § 16.1-283(E)(iv). This appeal followed.

ANALYSIS

Where the trial court heard the evidence *ore tenus*, "its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

*Assignments of error #1, 2, 3, and 4*

Father argues that the circuit court erred by denying his motion to continue and his motion objecting to the admission of evidence pursuant to Code §§ 63.2-1522 and -1523. Father further contends the circuit court erred in allowing the child's videotaped statements into evidence and the child's statements to her therapist into evidence.

On November 21, 2014, the Department filed a notice pursuant to Code § 63.2-1522 that it intended to offer into evidence "statements of one or more of the . . . children" and that the "substance of the statements regard allegations of sexual abuse by father, Andre Morman, Sr." On the same date, the Department also filed a notice pursuant to Code § 63.2-1523 that it intended to offer into evidence "a videotaped statement of one or more of the . . . children" and that the "substance of the statement regards allegations of sexual abuse and neglect." The Department further represented that appellant's counsel had viewed the videotaped statements.

On December 5, 2014, father filed a "Motion Objecting to the Admission of Statement(s) and/or Videotaped Statement(s) into Evidence pursuant to Virginia Code §§ 63.2-1522 and 1523." Father argued that the Department failed to provide adequate notice because it did not specify which child's statement(s) were going to be offered and why the child was not available to testify. Father asked the circuit court to continue the hearing and order the Department to provide "a notice with the proper specificity."

Under Code § 63.2-1522(A), "an out-of-court statement made by a child . . . describing any act of a sexual nature performed with or on the child by another . . . may be admissible in evidence if the requirements of [Code § 63.2-1522(B)] are met." Code § 63.2-1522(B) provides that the out-of-court statement may be admitted if the child is unavailable to testify, Code § 63.2-1522(B)(1), and the "statement is shown to possess particularized guarantees of trustworthiness and reliability," Code § 63.2-1522(B)(2).

> A statement may not be admitted under [Code § 63.2-1522] unless the proponent of the statement notifies the adverse party of his intention to offer the statement and the substance of the statement sufficiently in advance of the proceedings to provide the adverse party with a reasonable opportunity to prepare to meet the statement, including the opportunity to subpoena witnesses.

Code § 63.2-1522(C).

Similarly, Code § 63.2-1523 applies to videotaped statements made by a child alleging abuse or neglect. As with Code § 63.2-1522, Code § 63.2-1523(C) provides:

> A recorded statement may not be admitted under this section unless the proponent of the statement notifies the adverse party of his intention to offer the statement and the substance of the statement sufficiently in advance of the proceedings to provide the adverse party with a reasonable opportunity to prepare to meet the statement, including the opportunity to subpoena witnesses.

At the hearing on December 10, 2014, the circuit court denied father's motion for a continuance. It held that the Department gave adequate notice under subsection C of Code

- 4 -

§ 63.2-1523, but did not give adequate notice under subsection C of Code § 63.2-1522. For the videotaped statement, the circuit court held that the notice was adequate because it stated that it was a videotape statement and that counsel had previously viewed it. However, for the child's statements, the circuit court held that the notice did not specify which child made the statements and to whom the statements were made, and it did not indicate whether counsel had previously heard the statements.

First, father argues that the circuit court erred in denying his motion for a continuance.

> The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

When father first requested a continuance, the circuit court denied his request. However, once the circuit court ruled that the child's statements were not admissible under Code § 63.2-1522, the Department requested a continuance and father objected to the continuance. As a result, he waived his argument that the circuit court erred in denying a continuance. Furthermore, a continuance was eventually necessary due to time constraints, and the circuit court heard evidence on a second day several months later. Father had the opportunity to question witnesses and present evidence and argument. The circuit court did not abuse its discretion by denying father's initial request for a continuance, and he was not prejudiced at trial.

Next, father argues that the circuit court should have treated the videotaped statement and the child's statements the same and excluded all of them. However, the circuit court did not err in allowing the videotaped statements because the notice was sufficient. Father's counsel previously had seen the videotape and was able to prepare for its introduction at trial. Code § 63.2-1523(C). Father's counsel knew the contents of the videotaped statements. It was

- 5 -

irrelevant that father's counsel viewed the videotaped statements during the proceedings in the JDR court because once counsel saw the videotape, the Department complied with the statute.

During the Department's direct examination of the child's therapist, the circuit court did not allow the Department to ask about the child's statements made to the therapist because the Department's notice under Code § 63.2-1522 was inadequate. On cross-examination, mother's counsel asked the therapist whether she was in favor of returning the children to mother, and the therapist responded negatively. Counsel followed up with additional questions regarding the therapist's opinion. On redirect examination, the Department asked the therapist whether the therapist's concerns were based on the child's statements, and the therapist confirmed that they were. Then, over father's objections, the circuit court allowed the therapist to testify about the child's statements, since the door was opened during cross-examination.

Assuming without deciding that the circuit court erred in allowing the child's statements, the error was harmless. The standard for non-constitutional error is established in Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

In this case, any error in allowing the therapist to testify about the child's statements was harmless because the circuit court heard the same evidence through the videotaped statements of the child.

Accordingly, the circuit court did not err in its rulings regarding the videotaped statements and the child's statements to the therapist.

*Assignment of error #5*

Father argues that the circuit court erred in concluding that the Department proved by clear and convincing evidence that his parental rights should be terminated. In his opening brief, father reiterates his previous arguments that the circuit court erred in admitting the videotape and the child's statements. Father also contends that the videotape shows the child was coerced and that her statements were not trustworthy. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted). In light of all the evidence presented, the trial court's judgment was not plainly wrong or without evidence to support it.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.