COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, AtLee and Senior Judge Clements


LISA MERIA MAY GUST

                                                    MEMORANDUM OPINION[*]
v.      Record Nos. 0901-15-2 and 0024-16-2         PER CURIAM
                                                    MAY 10, 2016
ALEXANDER MARK GUST


            FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                          Steven C. McCallum, Judge

            (Kevin B. O'Donnell; Brian A. Carrico; Old Towne Lawyers, LLP,
            on brief), for appellant.

            (Craig W. Sampson; Barnes & Diehl, P.C., on brief), for appellee.[1]


        Lisa Meria May Gust (wife) appeals a final decree of divorce. Wife argues that the trial

court erred by (1) finding that the parties' prenuptial agreement was valid and enforceable; and

(2) denying her motion for continuance because she had been unable to review Dr. Michele

Nelson's custody evaluation. Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial

court. See Rule 5A:27.

                                      BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Kevin D. Purnell, Guardian *ad litem* for the minor children, supports the appellee's
position with respect to the second assignment of error and takes no position on the first
assignment of error because the issue is outside the scope of his representation.

On August 21, 2004, wife and Alexander Mark Gust (husband) signed a premarital agreement in Las Vegas, Nevada. On the same day, they married each other.

On January 22, 2014, wife filed a complaint for divorce. She requested a divorce based on fault grounds and asked the trial court to determine custody, visitation, child support, spousal support, and equitable distribution. On February 25, 2014, husband filed an answer and cross-complaint. He also sought a divorce on fault-based grounds and requested custody and child support. On March 4, 2014, wife filed an answer to husband's cross-complaint. On March 21, 2014, the parties appeared before the circuit court for a *pendente lite* hearing. On April 10, 2014, the circuit court entered a *pendente lite* order, which awarded child support and spousal support to wife.

On May 12, 2014, husband filed a motion for leave to file an amended answer and counterclaim. For the first time, husband notified the court of the parties' prenuptial agreement and attached a copy of the prenuptial agreement to his amended counterclaim. He also filed a motion to set aside the *pendente lite* order because the parties waived their right to seek spousal support in the prenuptial agreement. Furthermore, husband filed a motion for a custody evaluation.

On July 8, 2014, the trial court entered an order in which the parties agreed to submit to psychological evaluations and a custody evaluation performed by Dr. Nelson. The agreed order stated, in part:

> The Evaluator shall submit a written report to the Court and counsel for the parties which the Clerk shall SEAL in the court file.
>
> It is hereby ORDERED that the lawyers for the parents may discuss the report with their respective clients but it is ORDERED that counsel SHALL NOT give copies of the report to their clients in any form.

On September 9, 2014, the trial court entered an order allowing husband's amended answer and counterclaim. On October 6, 2014, wife filed her answer to husband's amended counterclaim. She reserved her right to allege that the prenuptial agreement was unconscionable and obtained under duress and without her "free and voluntary consent."

On December 5, 2014, the parties appeared before the circuit court for a hearing on the validity of the prenuptial agreement. After hearing the parties' evidence and argument, the trial court ruled from the bench that wife had not met her burden of proof to show that the prenuptial agreement was unconscionable or involuntary. On December 19, 2014, the trial court entered an order that stated the prenuptial agreement was valid. The order also terminated the *pendente lite* spousal support award and ordered that child support be recalculated as of December 5, 2014.

On December 19, 2014, the trial court entered a pre-trial order and scheduled the final hearing for April 13, 2015.

On January 29, 2015, the trial court entered an order allowing wife's counsel to withdraw. Wife proceeded *pro se*.

On April 1, 2015, wife, acting *pro se*, filed a pleading titled, "Notice and Motion to Release Custody Evaluation, Motion to Compel Answers to Supplemental Interrogatories, Motion to Continue Hearing."

The parties appeared before the trial court on April 13, 2015. Wife asked the trial court to continue the hearing for numerous reasons, one of which was that she had not been able to review Dr. Nelson's psychological and custody evaluations. Dr. Nelson's report was filed under seal and unavailable to the parties pursuant to the July 8, 2014 order. The trial court denied wife's motion, but gave her an opportunity to review the evaluations in court before Dr. Nelson testified. After hearing the evidence and argument, the trial court ruled from the bench and awarded husband a divorce from wife based on no-fault grounds. The trial court awarded sole

legal and physical custody of the children to husband.  The trial court also determined a

visitation schedule and ordered wife to pay the statutory minimum child support.  On May 8,

2015, the trial court entered the final decree of divorce, which incorporated, but did not merge,

the prenuptial agreement.

Subsequent to the entry of the final decree of divorce, wife retained counsel.  On May 22,

2015, wife, by counsel, filed a "Motion to Suspend Final Decree of Divorce and Motion for

Reconsideration."  The trial court did not enter an order suspending the final decree, so it became

final on May 29, 2015.  See Rule 1:1.  On June 4, 2015, the trial court entered an order denying

the motion.  This appeal followed.

ANALYSIS

*Assignment of error #1*

Wife argues that the trial court erred in finding that the prenuptial agreement was valid

and enforceable because she did not execute the prenuptial agreement voluntarily.  Further, she

asserts that husband's testimony was "inherently incredible."

> A. A premarital agreement is not enforceable if the person against
> whom enforcement is sought proves that:
>
> 1. That person did not execute the agreement voluntarily; or
>
> 2. The agreement was unconscionable when it was executed and,
> before execution of the agreement, that person (i) was not provided
> a fair and reasonable disclosure of the property or financial
> obligations of the other party; and (ii) did not voluntarily and
> expressly waive, in writing, any right to disclosure of the property
> or financial obligations of the other party beyond the disclosure
> provided.
>
> B. Any issue of unconscionability of a premarital agreement shall
> be decided by the court as a matter of law.  Recitations in the
> agreement shall create a prima facie presumption that they are
> factually correct.

C. If a marriage is determined to be void, an agreement that would otherwise have been a premarital agreement shall be enforceable only to the extent necessary to avoid an inequitable result.

Code § 20-151.

Husband and wife have very different accounts about what occurred prior to the execution of the prenuptial agreement and what occurred on August 21, 2004, which was when they signed the agreement and were married.

According to wife, husband presented her with the prenuptial agreement shortly before they got married. She said that they were in a limousine on the way to get married when husband told the driver to stop at an office. Husband and wife went into the office, and husband allegedly told wife that if she did not sign the prenuptial agreement, then "good luck getting custody of our son."[2] Wife testified that this was the first time she had seen the prenuptial agreement, and she did not read through it before she signed it. Wife told the trial court that she was unemployed at the time, and she felt that if she did not sign the agreement, she would lose her son and have nowhere to live. Wife said that she did not have an opportunity to seek legal advice before she signed the prenuptial agreement.

According to husband, he and wife had discussed the prenuptial agreement since April 2004. Husband's father downloaded an agreement from the internet and drafted the agreement for them. Husband testified that he presented a draft of a prenuptial agreement to wife in June 2004. She suggested several changes, which husband's father made to the draft. According to husband, the parties had not signed the prenuptial agreement before they went to Las Vegas to get married because wife suggested numerous changes. Husband denied threatening wife prior to her signing the agreement. He testified that when presented with the agreement in Las Vegas, wife did not request any additional time to review the agreement and simply signed it.

---

[2] The parties had a son prior to their marriage.

After hearing the conflicting testimony and argument, the trial court noted that it had heard "dramatically different accounts on what happened on the day or weeks or months before this wedding." The trial court stated that it did not "know who to believe to the requisite degree of certainty . . . ." The trial court found that although the witnesses appeared to be credible and telling the truth, "somebody was lying." Consequently, the trial court explained that "[t]he burden of proof determines the outcome." As stated in Code § 20-151(A)(1), wife, as the party disputing the enforceability of a prenuptial agreement, bore the burden of proving she did not execute it voluntarily. The trial court found that she did not meet her burden of proof.

Considering the specific circumstances of this case, the trial court did not err in finding that wife did not meet her burden of proof to show that she did not enter into the prenuptial agreement voluntarily.

*Assignment of error #2*

Wife argues that the trial court abused its discretion by denying her motion for a continuance because she had not been able to review Dr. Nelson's evaluations prior to trial.

The parties agreed to submit to psychological evaluations and a custody evaluation performed by Dr. Nelson. They also agreed that Dr. Nelson shall provide copies of the evaluations to their attorneys. The attorneys could discuss the report with their clients, but could not give them a copy. On July 8, 2014, the trial court entered an order reflecting the parties' agreement.

On December 2, 2014, Dr. Nelson filed her report with the court and stated that she already provided the report to counsel.

On January 29, 2015, the trial court entered an order allowing wife's counsel to withdraw, and wife proceeded *pro se*.

On April 1, 2015, wife filed a motion and asked the trial court to release to her a copy of Dr. Nelson's report. She stated, "As I am acting as my own attorney I need to review the report in order to prepare for trial which will require additional time to prepare the case and may require a second opinion." She also asked the trial court to continue the scheduled hearing date of April 13, 2015.

At the beginning of the hearing on April 13, 2015, wife moved for a continuance. She listed six reasons for why she needed a continuance. One of her reasons was that she had not been able to review Dr. Nelson's report. Husband opposed the continuance. With respect to her review of Dr. Nelson's report, husband's counsel explained that the July 8, 2014 order prevented wife from receiving a copy of the report. Husband was concerned that if wife received a copy, then she would post it on the internet. He explained that wife had posted several things online that were inappropriate. He also wondered whether she had reviewed it with her attorney before her attorney withdrew because he had a copy of it. However, husband also conceded that "in the interest of fairness, she should have some chance to take a look at it." The trial court denied wife's motion for a continuance, but allowed wife to review Dr. Nelson's report prior to Dr. Nelson testifying.

On appeal, wife argues that the trial court erred in denying her motion for a continuance because she was *pro se* and not able to review the report ahead of time, which impacted her ability to cross-examine Dr. Nelson.

> The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

Contrary to wife's arguments, the trial court did not abuse its discretion by denying her motion for a continuance. Wife requested a continuance on six different grounds. She admitted that she was raising many of the grounds for the first time. However, one ground was that she had not been able to review Dr. Nelson's report. She included this ground in her motion. The trial court granted wife an opportunity to review Dr. Nelson's report before she testified. The trial court took a forty-five-minute recess, during which wife reviewed the report. After the recess, wife did not renew her motion for a continuance or tell the court that she needed extra time to review the report. Wife had the opportunity to cross-examine Dr. Nelson. Wife asked questions about Dr. Nelson's evaluations and the need for a follow-up appointment. Since wife had an opportunity to review Dr. Nelson's report and did not request a continuance after her review of the report, wife did not show that the trial court abused its discretion in denying wife's request for a continuance.

Furthermore, the trial court's denial of the continuance did not prejudice wife with respect to the court's custody decision. The trial court heard from numerous witnesses about the parents and their parenting skills. Although Dr. Nelson was one witness, the trial court did not rely solely on Dr. Nelson's report for its custody determination. At the conclusion of the hearing on April 13, 2015, the trial court reviewed the Code § 20-124.3 factors for determining custody and visitation. The trial court explained in detail its reasoning for granting sole legal and primary physical custody of the children to husband. The trial court discussed wife's lack of proper boundaries with the children and noted that wife has told their twelve-year-old son "things that are beyond his years and concerns." It also focused on the fact that wife relied on her sixteen-year-old son and the parties' twelve-year-old son to take care of the house and the two younger children. In addition, the trial court emphasized wife's poor judgment and gave an example of wife allowing "her common-law former husband," who is a registered sex offender,

to be around her children. She posted inappropriate things online. The trial court found that wife's efforts to support the children's contact and relationship with husband were "just terrible." It is evident from the record that the trial court was concerned about wife's harmful actions and statements and the parties' inability to resolve disputes together.

Based on the circumstances, the trial court did not abuse its discretion in denying wife's motion for a continuance, and there was no prejudice to wife.

*Attorney's fees and costs*

Husband asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny his request for an award of attorney's fees and costs he incurred on appeal. Rule 5A:30(b).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.